**Doug DEVORE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 22A04–9412–CR–501.

Court of Appeals of Indiana.

Dec. 14, 1995.

Rehearing Denied Feb. 7, 1996.

Transfer Denied April 3, 1996.

Michael J. McDaniel, McDaniel & Biggs, for appellant.

Pamela Carter, Attorney General, Meredith J. Mann, Deputy Attorney General, Indianapolis, for appellee.

**OPINION**

STATON, Judge.

Doug Devore ("Devore") pled guilty to eighteen counts of child molesting and now appeals his sentence. Devore presents two issues on appeal which we restate as follows:

I. Whether the trial court abused its discretion in denying Devore's motion to suppress medical records obtained by the State.

II. Whether the trial court abused its discretion in limiting Devore's statement prior to sentencing.

We affirm.

The facts most favorable to the State reveal that Devore admitted himself to a Kentucky hospital with his chief complaint being his desire to control his child molesting. A hospital employee reported the alleged abuse to the authorities on October 27, 1993. On November 4, 1993, the State filed an information charging Devore with nineteen counts of child molesting, which was later amended to include two additional counts of child molesting. Sometime thereafter, the State sought discovery of Devore's medical records from the hospital, which the hospital furnished. In August 1994, Devore entered a plea of guilty to eighteen counts of child molesting. At a subsequent hearing, Devore received a sixty-year sentence with ten years suspended. This appeal ensued.

I.

*Medical Records*

 Devore contends that the sentencing court erred in allowing his medical records to be introduced into evidence. We note that a trial court has broad discretion in ruling on the admissibility of evidence and in determining its relevancy. We will disturb its ruling only upon a showing of abuse of that discretion. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068, 1073, *reh. denied; Little v. State* (1995), Ind.App., 650 N.E.2d 343, 344.

Furthermore, the sentencing court is not confined to evidence which would be admissible at trial. *Madden v. State* (1990), Ind., 549 N.E.2d 1030, 1034.

Devore argues that the physician-patient privilege and the statute abrogating privileged communications do not authorize the State's introduction of his medical records into evidence.[1] We disagree.

 In Indiana, "any individual who has reason to believe that a child is a victim of child abuse or neglect shall make a report" as required by statute. IND.CODE § 31–6–11–3 (1993). Thus, everyone, including physicians, has a duty to report suspected child abuse. In order to reconcile the reporting statute with the physician-patient privilege,[2] the Indiana legislature abrogated the physician-patient privilege in cases where a child is a victim of abuse or neglect. The abrogation statute provides:

The privileged communication between:

 \* \* \* \* \* \*

(2) a health care provider and the health care provider's patient;

 \* \* \* \* \* \*

is not a ground for excluding evidence in any judicial proceeding resulting from a report of a child who may be a victim of child abuse or neglect, or relating to the subject matter of such a report or failing to report as required by this chapter.

IND.CODE § 31–6–11–8 (1993). Decisions of the Indiana Supreme Court clearly indicate that this section is to be liberally construed to abrogate the privilege so that children may be protected from various forms of abuse, including child molesting. *See, e.g.,*

---

**1.** Devore also argues that the State violated Kentucky and federal law in obtaining the medical records. We note that this court is not bound by the law of other jurisdictions and that Devore neglects to cite authority as to how Kentucky law is applicable in this case. Furthermore, he contends 42 C.F.R. §§ 2.61–2.64 (1994) mandates notice to a patient where his records are sought. That section applies to a patient's treatment at a "federally assisted alcohol and drug abuse program." 42 C.F.R. § 2.12 (1994). Devore failed to present any evidence which supports his claim that the Kentucky hospital is a "federally assisted" program. Therefore, we decline to address

Devore's arguments that the State violated Kentucky and federal law.

**2.** IND.CODE § 34–1–14–5 (1993) defines the physician-patient privilege as follows:

Except as otherwise provided by statute, the following persons shall not be competent witnesses:

 \* \* \* \* \* \*

(3) Physicians, as to matter communicated to them, as such, by patients, in the course of their professional business, or advice given in such cases.

*Davidson v. State* (1990), Ind., 558 N.E.2d 1077, 1090–91; *Baggett v. State* (1987), Ind., 514 N.E.2d 1244, 1244–45 (IC 31–6–11–8 applicable in the case of child molesting).

Devore argues that the abrogation statute should not apply because the child abuse had already been reported and the purpose of the reporting statute had been fulfilled. In support of this argument, he relies on *Daymude v. State* (1989), Ind.App., 540 N.E.2d 1263, *trans. denied.* In *Daymude,* the defendant's daughter was defined as a "child in need of services" ("CHINS") by the public welfare department. *Id.* at 1264. The juvenile court then ordered the department to provide counseling services to the daughter and her family. During the course of counseling, Daymude revealed information to his counselor relating to alleged incidents of sexual abuse. After the State charged Daymude with child molesting, criminal deviate conduct, and incest, the State attempted to depose Daymude's counselor. Over Daymude's objection, the trial court ordered the counselor to answer questions relating to Daymude's communications with him. On interlocutory appeal, Daymude claimed that the communications were privileged and confidential and were not abrogated by the reporting statute. *Id.*

The *Daymude* court held that "the physician-patient privilege is not abrogated with regard to confidential communications disclosed by a defendant while participating in counseling sessions ordered by a trial court pursuant to a report of child molesting." *Id.* at 1268. The court limited its holding to the specific facts presented. *Id.* It noted that the physician-patient privilege arose as a direct result of therapy ordered by the court during a CHINS proceeding. In addition, the privileged communications were made long after the report of child abuse. Since the abuse had already been reported, the purpose of the statute had been fulfilled.[3] *Id.*

In the case at bar, we are presented with an entirely different factual scenario. First, Devore did not undergo court-ordered counseling. Instead, he voluntarily admitted himself to a hospital with his chief complaint being his desire to control his child molesting. Moreover, Devore's communications were made at the hospital between October 25, 1993 and October 28, 1993. The State filed charges against Devore on November 4, 1993. While some of the child abuse may have already been reported, there may have been additional child victims.

Second, the molested child in *Daymude* was Daymude's own daughter, apparently a single victim. *Id.* at 1264. Here, the number of molested children was unknown, as many of the child victims were members of a baseball team that Devore coached. The goal of the reporting statute is to promote the reporting of child abuse cases and to provide a mechanism for the investigation of the abuse in order to protect the child and to provide rehabilitative services for the child and his parents, guardian, or custodian. IC 31–6–11–1; *Daymude, supra,* at 1265. Because Devore's medical records may have revealed other children in need of protection or rehabilitative services, the goal of the statute was clearly met.

Finally, Devore pled guilty. The medical records were admitted into evidence and available to the sentencing judge. It is well settled that the sentencing court is not confined to evidence which would be admissible at trial. *See, e.g., Madden, supra,* at 1034; *Thomas v. State* (1990), Ind.App., 562 N.E.2d 43, 47. Therefore, we conclude Devore's claim of privilege has been abrogated and the court did not abuse its discretion in allowing the medical records to be introduced into evidence.

Moreover, even if we were to find that a privilege did exist and the records were excludable, Devore was not prejudiced. The court has considerable latitude in the admission or rejection of evidence. *See Bal-*

---

**3.** The purpose of the reporting statute is set forth in IND.CODE § 31–6–11–1 (1993) which states: It is the purpose of this chapter to encourage effective reporting of suspected or known incidents of child abuse or neglect, to provide in each county an effective child protection ser-

vice to quickly investigate reports of child abuse or neglect, to provide protection for such a child from further abuse or neglect, and to provide rehabilitative services for such a child and his parent, guardian, or custodian.

lin v. State (1993), Ind.App., 610 N.E.2d 846, 850, *trans. denied.* The appellant must demonstrate actual prejudice before the error will be grounds for reversal. *Id.* As stated above, Devore pled guilty to eighteen counts of child molesting. He now argues in his reply brief that a diagnosis of pedophilia constituted an aggravating factor which the court considered in sentencing. A careful review of the record reveals that the sentencing judge did not use the pedophilia diagnosis as an aggravating factor. Thus, no prejudice flowed from the error, if any, in admitting Devore's medical records.

## II.

### Statement by Defendant

Devore also argues that he was denied his statutory right to make a statement at the sentencing hearing. The relevant statute provides in pertinent part:

When the defendant appears for sentencing, the court shall inform him of the verdict of the jury or the finding of the court. The court shall afford counsel for the defendant an opportunity to speak on behalf of the defendant. The defendant may also make a statement personally in his own behalf and, before pronouncing sentence, the court shall ask him whether he wishes to make such a statement.

IND.CODE § 35–38–1–5 (1993). However, the Indiana Supreme Court has held that the defendant is not entitled to make a statement when he pleads guilty. *Fuller v. State* (1985), Ind., 485 N.E.2d 117, 122. *See also, Minton v. State* (1980), Ind., 400 N.E.2d 1177, 1179. The clear import of the statute is that the right to make a statement applies only where a defendant has entered a plea of not guilty and a trial has occurred resulting in a verdict or a finding of guilty. *Minton, supra,* at 1179. Therefore, we conclude that the sentencing court did not err in limiting Devore's statement.

Affirmed.

HOFFMAN and FRIEDLANDER, JJ., concur.