ATTORNEY FOR APPELLANT

Richard Kammen
Gilroy, Kammen & Hill
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Steve Carter
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court

_____

No. 49S05-0608-CR-305

NICHOLAS BIDDINGER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

_____

Appeal from the Marion Superior Court, Criminal Division Room 6,
No. 49G06-0401-MR-008802
The Honorable Jane Magnus Stinson, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 49A05-0504-CR-234

_____

**June 20, 2007**

**Rucker, Justice.**

We granted transfer in this case to address the question of whether a criminal defendant who pleads guilty to an offense has a right to make a statement in allocution prior to sentencing. The answer is yes.

## Facts and Procedural History

On January 14, 2004, while present at the home of his girlfriend Jessica Powell, Nicholas Biddinger became engaged in an argument with three people who were there visiting. The argument escalated. Ultimately Biddinger produced a handgun and fired a shot that struck the chest of one of the visitors, Kris Holzhausen, who died as a result. Biddinger was arrested and later charged with murder, aggravated battery a Class B felony, battery as a Class C felony, criminal recklessness as a Class D felony, and pointing a firearm as a Class D felony. A jury trial began on October 2, 2004. In the middle of trial Biddinger reached an agreement with the State by which he would plead guilty to the aggravated battery charge and in exchange the State would dismiss the remaining charges. The agreement also provided, "Parties will be free to argue their respective positions as to sentencing. There shall be a range of executed time the Court may impose, from ten (10) to twenty (20) years." App. at 57.

A sentencing hearing lasting several hours was conducted on January 28, 2005. After calling a number of witnesses Biddinger's counsel answered "no" to the question of whether he had "any other mitigation evidence to present on the issue of sentencing." Tr. at 958. However counsel added, "Mr. Biddinger at an appropriate time would like to make a statement." Id. at 957-58. After discussing a few preliminary matters, the trial court instructed Biddinger: "raise your right hand" to be sworn. Id. at 960. Counsel interjected that "this is just allocution." Id. After an extended colloquy between the trial court and counsel, including a discussion of whether the State had a right to cross-examine Biddinger, the trial court noted that Biddinger had "no right to allocution where he's pled guilty." Id. at 965. The trial court also determined that whether the State would be afforded the opportunity to cross-examine Biddinger depended upon what he had to say. Id. Arguing that the trial court's ruling improperly restricted Biddinger's right of allocution, counsel moved to "file under seal" a four-page handwritten statement that Biddinger would have read in its entirety if he had been given the opportunity to do so. Id. at 966. Over the State's objection, the statement was introduced into evidence and accepted by the trial court as an offer of proof. Biddinger then gave an oral statement expressing his remorse. Finding the existence of five aggravating factors and five mitigating factors, and determining that the aggravators outweighed the mitigators, the trial court sentenced Biddinger to twelve years in

the Department of Correction with two years suspended to probation for a total executed term of ten years.

Biddinger appealed raising several issues, including the alleged trial court error in refusing to permit him to make a statement in allocution and that the sentence the trial court imposed was inappropriate in light of the nature of the offense and the character of the offender.[1] The Court of Appeals declined to address this latter claim.[2] As for the former claim, the court concluded that even if the trial court erred in refusing to permit Biddinger to make a statement in allocution, the error was harmless because the full written statement that was introduced into evidence contained no additional information that would have affected his sentence. Biddinger v. State, 846 N.E.2d 271, 277 (Ind. Ct. App. 2006). In the process of resolving this issue, however, the Court of Appeals expressly declined to address whether case authority declaring there is no right of allocution upon a plea of guilty is still good law. We granted transfer to address this issue.[3]

---

[1] Specifically, Biddinger alleged: "The trial court erred in enhancing Mr. Biddinger's sentence due to conduct that was constitutionally protected, not unlawful or clearly improper," Appellant's Br. at 23, "The trial court erred when it found that Mr. Biddinger suffered from Post Traumatic Stress Disorder (PTSD) but did not give that factor any mitigating weight," id. at 31, "The trial court erred when it denied Mr. Biddinger's right to make a statement in allocution prior to sentencing," id. at 36, and "Mr. Biddinger['s] sentence was inappropriate in light of the nature of the offense and the character of the offender." Id. at 41.

[2] Relying upon authority that stood for the proposition that where a plea agreement provides a cap on sentencing a defendant waives any challenge to the appropriateness of the sentence under Indiana Appellate Rule 7(B), the court determined that Biddinger was not entitled to raise an argument with respect to the appropriateness of his sentence. Biddinger, 846 N.E.2d at 279. We recently disapproved of this proposition. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

[3] Except for the resolution of Biddinger's review and revise claim, we summarily affirm the remainder of the Court of Appeals' opinion. Ind. Appellate Rule 58(A)(2).

3

## Discussion

## I.

Commonly known as the "right of allocution," the opportunity at sentencing for criminal defendants to offer statements in their own behalf before the trial judge pronounces sentence is rooted in the common law. We have previously observed that the right generally presents itself as follows:

> The trial is over, the jury has reached a verdict and the accused is guilty of the crime with which he was charged. Now he stands at the bar of justice, a prisoner, and the judgment of the law is to be pronounced. But, before the court decrees the inexorable legal consequences which necessarily follow the finding of guilt, the court formally addresses the prisoner, informs him of the jury's verdict and directly puts the interrogatory, "Do you know of any reason why judgment should not be pronounced upon you?"

Ross v. State, 676 N.E.2d 339, 343 (Ind. 1996) (quoting Paul W. Barrett, Allocution, 9 Mo.L.Rev. 115, 115 (1944)). This common law right of allocution was first codified in this state in 1905.[4] Over the years the statute has been recodified or amended several times.[5] In its present incarnation the statute provides:[6]

> When the defendant appears for sentencing, the court shall inform the defendant of the verdict of the jury or the finding of the court. The court shall afford counsel for the defendant an opportunity to speak on behalf of the defendant. The defendant may also make a statement personally in the defendant's own behalf and, before

---

[4] See An Act Concerning Public Offenses, ch. 169, § 294, 1905 Ind. Acts 584, 649.

[5] See Ind. Code § 35-38-1-5(a) (2004); I.C. § 35-38-1-5 (1983); I.C. § 35-4.1-4-5 (1976); I.C. § 35-1-44-5 (1971).

[6] Biddinger committed this offense in January 2004, pleaded guilty on October 13, 2004, and was sentenced on December 3, 2004. The current version of Indiana Code section 35-38-1-5(a) was enacted effective July 1, 2004. As a general rule, a court must sentence a defendant under the statute in effect on the date the defendant committed the offense. Palmer v. State, 679 N.E.2d 887, 892 (Ind. 1997). However, when the Legislature enacts an ameliorative amendment without including a specific savings clause, the new statute will apply to all defendants sentenced after its effective date. Id. Such is not the case here. See Pub. L. No. 85-2004, § 6 (2004) (making the allocution statute gender-neutral but otherwise making no substantive changes). Thus the version of Indiana Code section 35-38-1-5 in effect before July 1, 2004 is applicable in this case.

> pronouncing sentence, the court shall ask the defendant whether the defendant wishes to make such a statement. Sentence shall then be pronounced, unless a sufficient cause is alleged or appears to the court for delay in sentencing.

I.C. § 35-38-1-5(a).

Over a quarter century ago, interpreting a nearly identically worded provision,[7] the Court of Appeals concluded, "The clear import of the statute is that the right of allocution applies only where a defendant has entered a plea of not guilty and a trial has occurred resulting in a verdict or finding of guilty. Hence the draftsmen chose the words 'verdict of the jury or the finding of the court' to delineate the range of the statute's application. If the Legislature had intended to expand the scope of allocution to include guilty pleas, it could have easily done so." Minton v. State, 400 N.E.2d 1177, 1179 (Ind. Ct. App. 1980) (refusing to vacate or remand the defendant's plea of guilty because the defendant was not given an opportunity at sentencing to offer a statement in his own behalf). Five years later in another case involving a guilty plea, and citing Minton in support, this Court rejected a claim of trial court error in not affording the defendant the right of allocution. We said, "Appellant argues that the trial court erred in not giving him the right of allocution prior to the pronouncement of sentencing. This was not error because there is no right of allocution upon a plea of guilty." Fuller v. State, 485 N.E.2d 117, 122 (Ind. 1985). Thereafter in Devore v. State, 658 N.E.2d 657 (Ind. Ct. App. 1995), where the defendant had pleaded guilty to eighteen counts of child molesting, the Court of Appeals rejected a claim that the trial court erred in limiting the defendant's right to make a statement at his sentencing hearing. Citing Fuller and Minton, the court reiterated that a "defendant is not entitled to make a statement when he pleads guilty." Id. at 660. It is upon this weight of authority that the trial court in the instant case determined that Biddinger was not entitled to give a statement in allocution.

---

[7] The statute provided, "When the defendant appears for sentencing, he shall be informed by the court of the verdict of the jury or the finding of the court. The court shall afford counsel for the defendant an opportunity to speak on behalf of the defendant. The defendant may also make a statement personally in his own behalf and, before pronouncing sentence, the court shall ask him whether he wishes to make such a statement. Sentence shall then be pronounced unless a sufficient cause be alleged or appear to the court for delay in sentencing." I.C. § 35-4.1-4-5 (1976).

This Court's most recent explication of a defendant's statutory right of allocution has a significant bearing on the case before us. In Vicory v. State, 802 N.E.2d 426 (Ind. 2004), we decided as a matter of first impression that such right should apply to probation revocation hearings. Relying upon the version of the allocution statute applicable to the instant case Vicory argued that he was entitled to make a statement during his revocation hearing. The relevant portion of the statute provided "the defendant may . . . make a statement personally on his own behalf and, before pronouncing sentence, the court shall ask him whether he wishes to make such a statement." Id. at 428 (quoting I.C. § 35-38-1-5 (1983)). We acknowledged that the trial court did not "pronounce a sentence" within the meaning of the statute but rather the trial court decided that the previously suspended sentence should be executed. We then held:

> Because the court does not "pronounce a sentence" at a probation revocation hearing, the judge is not required to ask the defendant whether he wants to make a statement, as provided by Indiana Code § 35-38-1-5. But when the situation presents itself in which the defendant specifically requests the court to make a statement, as it did here, the request should be granted.

Id. at 429. Significantly, our decision was informed by Article 1, Section 13 of the Indiana Constitution which provides in part, "In all criminal prosecutions, the accused shall have the right . . . to be heard by himself and counsel." We also observed that the "Indiana Constitution places a unique value upon the desire of an individual accused of a crime to speak out personally in the courtroom and state what in his mind constitutes a predicate for his innocence of the charges." Id. at 429 (internal quotations omitted).

The rationale for determining that the right of allocution applies in probation revocation proceedings is no less compelling in sentencing hearings where a defendant has previously pleaded guilty. Because a guilty plea is not based on "the verdict of the jury or the finding of the court" the trial judge is not required to ask the defendant whether the defendant wants to make a statement as provided by Indiana Code section 35-38-1-5. It is in that sense that there is no statutory right of allocution upon a plea of guilty.[8] But when a defendant specifically makes a request of the court for the opportunity to give a statement, as the defendant did in this case, then

---

[8] To the extent language in Fuller suggest otherwise, it is overruled. And we disapprove of similar language expressed in Minton and Devore.

the request should be granted.  Vicory, 802 N.E.2d at 429.  Here, by failing to allow Biddinger the opportunity to make a statement the trial court erred.  However, we agree with the Court of Appeals that the error was harmless.

We have reviewed the full statement that Biddinger wished to read to the sentencing court, which is included in the appellate record as Sentencing Hearing Defendant's Exhibit K.  In addition to the portion of the letter expressing remorse, which Biddinger orally expressed at his sentencing hearing, the letter focuses upon Biddinger's recollection of the circumstances surrounding Holzhausen's death.  All of the information contained in the letter was already before the sentencing court, introduced during trial and incorporated for consideration at sentencing.  Tr. at 781.  Indeed, Biddinger's appellate brief notes that Biddinger "made a complete statement describing the events that led to the shooting of Holzhausen" which was introduced into evidence at trial.  Appellant's Br. at 8.  Biddinger fails to establish how the excluded portion of his statement would have made a difference in the sentence the trial court imposed.

## II.

We address a related aspect of a defendant's right of allocution.  In addition to denying Biddinger the opportunity to give a full statement, the trial court also determined that once Biddinger spoke the State would be afforded the opportunity to cross-examine him depending upon what he had to say.  The record is not altogether clear whether the trial court took the position that Biddinger's statement in allocution was subject to cross-examination or, having determined that Biddinger was not entitled to exercise the right of allocution, whether any statement he otherwise wished to make had to be made under oath and be subject to cross-examination.

It is of course true that where a person seeks to offer his or her testimony as evidence at trial or a hearing, the person must be placed under oath and be subjected to cross-examination.  Ingram v. State, 547 N.E.2d 823, 828 (Ind. 1989).  But a statement in allocution is not evidence.  Rather it is more in the nature of closing argument where the defendant is given the opportunity

7

to speak for himself or herself, even if with "halting eloquence." <u>Green v. United States</u>, 365 U.S. 301, 304 (1961). Indeed "the purpose of the right of allocution is to give the trial court the opportunity to consider the facts and circumstances relevant to the sentencing of the defendant in the case before it." <u>Ross</u>, 676 N.E.2d at 343. When the defendant is given the opportunity to explain his or her views of the facts and circumstances, the purpose of the right of allocution has been accomplished. <u>Vicory</u>, 802 N.E.2d at 430. The underlying purpose of allocution is undermined when a defendant's statement is put to the rigors of cross-examination. We conclude therefore that a defendant is not subject to cross-examination upon his or her statement in allocution.[9]

## III.

Finally, Biddinger seeks revision of his sentence contending that it is inappropriate in light of the nature of the offense and the character of the offender. <u>See</u> App. R. 7(B). Before the Court of Appeals Biddinger sought revision to "a sentence of 10 years with four years suspended." Appellant's Br. at 48. This of course would result in a six-year executed term. Apparently realizing that his plea agreement specifically provided for a minimum of ten years executed, <u>see</u> <u>Rivera v. State</u>, 851 N.E.2d 299, 301 (Ind. 2006) (recognizing that a trial court is bound by the terms of a plea agreement and Appellate Rule 7(B) review is not available where a court has imposed a term that is non-discretionary), Biddinger abandons this position on transfer and requests instead that "this Court should order that the Defendant be sentenced to 10 years, six years at the department of correction and four years on home detention." Pet. for Trans. at

---

[9] We hasten to add however that the statement must indeed be one in allocution. As we have previously observed there are boundaries to a defendant's statement:

> Allocution does not grant a defendant the right to enter into a diatribe of the sentencing Judge, or of the Court, or of the judicial system of which he is apart. It is not a time for platform speeches on either philosophical, religious or political issues. All are provided by our laws with opportunity for full public discussion to an extent which has never been equaled by any organized society or government. The time of imposition of sentence is not a public forum to be used by either a defendant or his attorney for that purpose. The defendant only has a right to express his views of the facts and circumstances surrounding his case and to articulate reasons as to why judgment should not be imposed at that time.

<u>Ross</u>, 676 N.E.2d at 344 (citation omitted).

19-20. In essence because Biddinger received the minimum executed sentence provided by his plea agreement he no longer challenges as inappropriate the length of his sentence. Rather he contends that the location where his sentence is to be served should be revised.

The place that a sentence is to be served is an appropriate focus for application of our review and revise authority. See Hole v. State, 851 N.E.2d 302, 304 n.4 (Ind. 2006) (recognizing that discretionary placement is subject to Appellate Rule 7(B) review). In this case however Biddinger made a location of sentence to be served claim to the trial court. Specifically Biddinger requested the trial court to order that a significant portion of his sentence be served in a Community Corrections facility. The trial court denied the request declaring, "Frankly, he's not a very real candidate for Community Corrections for two reasons. One is they'll just say they won't take him but more importantly, he doesn't need what they have. He needs what somebody else has and he can get that while he's on probation." Tr. at 1013. Thus, in addition to sentencing Biddinger to twelve years in the Department of Correction with two years suspended to probation, the trial court also entered an order directing Biddinger to undergo a mental health evaluation and to be treated for post-traumatic stress disorder once he begins probation. Id. at 1013-14. On transfer Biddinger does not address the trial court's declaration concerning his lack of suitability for Community Corrections placement. Nor does Biddinger explain why an extended period of home detention is more appropriate than the sentencing placement the trial court imposed. In sum Biddinger has not carried his burden of persuading this Court that the location of his sentence is inappropriate based upon his character and the nature of the offense he committed.

### Conclusion

A defendant who pleads guilty has a right to make a statement in allocution upon request prior to sentencing. In this case the trial court erred by not allowing Biddinger to make a statement in allocution. But the error was harmless. Further, Biddinger has not demonstrated that his ten-year executed sentence to be served in the Department of Correction requires revision. We therefore affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Sullivan, and Boehm, JJ., concur.