**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 08 2013, 5:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAN A. RIDDLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1304-CR-185 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-1003-FD-1053

**November 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Jan A. Riddle appeals her sentence and order of restitution following her conviction for theft, as a Class D felony, pursuant to a plea agreement. Riddle presents the following issues for our review:

1. Whether her sentence is inappropriate under Indiana Appellate Rule 7(B).

2. Whether the trial court abused its discretion when it ordered Riddle to pay restitution.

We affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

In 2009, Riddle was serving as the representative payee for L.P.'s SSI disability checks when Riddle used some of L.P.'s money to pay Riddle's satellite television bill. The State charged Riddle with two counts of theft, as Class D felonies. Riddle ultimately pleaded guilty to one count of theft, as a Class D felony, and the State dismissed the second count in exchange for her plea. The parties' plea agreement capped Riddle's executed sentence at one and one-half years and left open the possibility of alternative placements through the Vigo County Community Corrections program. Following a hearing, the trial court accepted Riddle's plea and sentenced her to one and one-half years executed at the Department of Correction. The trial court also ordered Riddle to pay L.P. $520 in restitution. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Sentence

Riddle contends that her sentence is inappropriate under Appellate Rule 7(B). Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize [ ] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

The Indiana Supreme Court has also stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as

3

inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Here, Riddle's sole contention is that, given her myriad health ailments, which require frequent visits to her physicians' offices in Indianapolis and for which she takes seventeen different medications daily, she should have been placed on home detention. Riddle also asserts that she takes care of her husband, who has several health issues, as well. And Riddle points out that Vigo County Community Corrections evaluated her and approved her for home detention. Under the circumstances, Riddle maintains, "serving her sentence at DOC is inappropriate." Brief of Appellant at 3.

In King v. State, 894 N.E.2d 265, 267-68 (Ind. Ct. App. 2008), we addressed this type of claim under Appellate Rule 7(B) and stated:

> The location where a sentence is to be served is an appropriate focus for application of our review and revise authority. Biddinger v. State, 868 N.E.2d 407, 414 (Ind. 2007). It is not, however, subject to review for abuse of discretion. See id. Nonetheless, we note that it will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate. Fonner v. State, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007). This is because the question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. Id. at 344. A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate. Id. As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities. Id. at 343. For example, a court is aware of the availability, costs, and entrance requirements of community corrections placements in a specific locale. Id. at 343-44.

Here, as the State points out, Riddle was on probation, on home detention, for prior theft convictions at the time she committed the instant offense. On that basis, alone,

4

Riddle has demonstrated that she is not a good candidate for home detention. Further, Riddle's victim was especially vulnerable in that L.P. lived with a debilitating brain injury. And Riddle was the representative payee for L.P.'s SSI payments. As such, Riddle was in a position of trust and violated her fiduciary duty when she stole from L.P. We cannot say that Riddle's placement with the Department of Correction is inappropriate under Appellate Rule 7(B).

### Issue Two: Restitution

Riddle contends, and the State agrees, that the trial court erred when it ordered Riddle to pay L.P. $520 in restitution. The State had charged Riddle with two counts of theft in amounts totaling $520, but the State dismissed the second count in exchange for Riddle's plea. At sentencing, Riddle "explicitly agree[d] to pay restitution in the amount of $267.40" based upon the first theft count. Brief of Appellant at 4. On appeal, the State asks that we instruct the trial court to revise the restitution order as requested by Riddle. We reverse the restitution order and remand with instructions that the trial court order Riddle to pay L.P. $267.40 in restitution.

Affirmed in part, reversed in part, and remanded with instructions.

MATHIAS, J., and BROWN, J., concur.