## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2016, 7:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher J. Moberg,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 30, 2016

Court of Appeals Case No.
79A05-1510-CR-1716

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1507-F5-37

**Bailey, Judge.**

# Case Summary

[1] Christopher J. Moberg ("Moberg") pled guilty to one count of Operating a Motor Vehicle after Forfeiture of License for Life, a Level 5 Felony.[1] The court imposed a sentence of three years to be served with the Department of Correction ("DOC"). Moberg takes exception to his placement within the DOC. Finding his placement not inappropriate, we affirm.

# Facts and Procedural History

[2] On July 2, 2015, Moberg was pulled over by law enforcement for driving a motorcycle with an expired license plate. (Tr. at 17) During the course of that investigation, the law enforcement officer discovered that Moberg's driver's license had been suspended for life. (Tr. at 17) Accordingly, Moberg was arrested and later charged with Operating a Motor Vehicle after Forfeiture of License for Life.

[3] On September 3, 2015, Moberg entered a guilty plea without the benefit of a plea agreement. On September 25, 2015, the trial court held a sentencing hearing on this matter. Moberg requested a four-year sentence, two years with community corrections, and two years suspended. (Tr. at 33) The State requested a sentence of three years executed at the DOC. (Tr. at 37) The trial court found as aggravating factors Moberg's extensive criminal history,

---

[1] Ind. Code § 9-30-10-17(a).

particularly his offenses outside the realm of traffic violations; his history of failing to comply with probation, parole, and community corrections; his recent failure to report to community corrections; and the fact that the current offense was committed while Moberg was on probation for another offense. (Tr. at 38-43) As mitigating factors, the trial court noted Moberg's status as a trustee at the Tippecanoe County Jail; his participation in various programs at the jail, particularly those aimed at assisting those suffering from substance abuse; his good work history; his guilty plea in the absence of a plea agreement; and his statement of remorse during sentencing proceedings. (Tr. at 43-45) Finding the aggravating and mitigating factors in balance, the trial court sentenced Moberg to three years to be served with the DOC. (Tr. at 45-46) Moberg now challenges his placement within the DOC.

# Discussion and Decision

[4] Moberg asserts on appeal that his sentence to the DOC was inappropriate under Indiana Appellate Rule 7(B), and thereby requests that we revise his three-year sentence to be served in community corrections. According to Appellate Rule 7(B), we may revise a sentence "if, after due consideration of the trial court's decision," we find the sentence "inappropriate in light of the nature of the offense and the character of the offender." Review of the location where a sentence is to be served is an appropriate application of our authority under Appellate Rule 7(B). *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007); *King v. State*, 894 N.E. 2d 265, 267 (Ind. Ct. App. 2008). However, such review is very

deferential to the trial court. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied.* A defendant challenging the placement of a sentence must convince us that the placement is itself inappropriate, not whether another placement is *more* appropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007).

[5]     Moberg asserts on appeal that his placement in the DOC is inappropriate in light of the nature of his offense and his good character, and he relies on the following factors in support. Moberg was initially pulled over for driving with an expired license plate, not because of erratic or dangerous driving behavior. He caused no harm to any people or property, nor did he intend to do so. Furthermore, in spite of his extensive criminal history, Moberg asserts he has demonstrated good character in his employment, during his recent incarceration, and by virtue of pleading guilty without the benefit of a plea agreement. Because of these mitigating factors, Moberg claims placement in community corrections is more appropriate; however, as we have stated, such a showing is not what is required.

[6]     Although these factors have significance, they do not demonstrate why Moberg's placement in the DOC is inappropriate. The only argument advanced by Moberg on the inappropriateness of the location of the sentence is his commitment to paying support for his daughters. However, a review of the record shows that Moberg has no current legal obligation to pay child support. The mother of his daughters agreed to abate child support, and Moberg owes

no support arrearage. Thus, the trial court's order does not prevent Moberg from fulfilling a legal duty to pay child support.

[7] Additionally, Moberg's juvenile and adult criminal history is extensive, and it is not limited to traffic-related offenses. Moberg's criminal history includes convictions for drug-related offenses, resisting law enforcement, and theft, among others. He has been sentenced previously to alternative placements without success. Moberg has had his probation revoked three times throughout his life. Furthermore, he was on probation at the time of this offense. The State has subsequently filed a petition to revoke his probation in that matter. Also, on May 14, 2015, less than two full months before the current offense, he was sentenced to three years to be served under community corrections and failed to report. In light of this history of offenses and unsuccessful alternative placements, the trial court's order that Moberg serve his sentence in the DOC is not inappropriate.

[8] Affirmed.

Bradford, J., and Altice, J., concur.