## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 14 2018, 6:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gary J. Leyes,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 14, 2018<br><br>Court of Appeals Case No.<br>18A-CR-1396<br><br>Appeal from the Vigo Superior Court<br><br>The Honorable John T. Roach, Judge<br><br>Trial Court Cause Nos.<br>84D01-1701-F6-33<br>84D01-1704-F6-1049<br>84D01-1706-F6-1916 |

**Bradford, Judge.**

# Case Summary

[1] Gary J. Leyes entered into a plea agreement with the State in which he agreed to plead guilty to three Level 6 felonies and admit to being a habitual offender. In exchange, the State agreed to dismiss all remaining charges. The plea agreement left sentencing to the trial court's discretion but required each sentence to be served consecutively. On May 23, 2018, the trial court sentenced Leyes to an aggregate sentence of six-and-one-half years in the Indiana Department of Correction ("DOC"). Leyes challenges the appropriateness of his placement in the DOC. We affirm.

# Facts and Procedural History

[2] Following a traffic stop on January 3, 2017, officers discovered drug paraphernalia containing residue inside Leyes's vehicle. The State charged Leyes under cause number 84D01-1701-F6-33 ("Cause No. F6-33") with Level 6 felony unlawful possession of a syringe and Level 6 felony maintaining a common nuisance. The State also alleged that Leyes was a habitual offender. On April 3, 2017, officers discovered drug paraphernalia containing residue in Leyes's possession. Leyes was charged under cause number 84D01-1704-F6-1049 ("Cause No. F6-1049") with Level 6 felony possession of a narcotic drug, Level 6 felony unlawful possession of a syringe, Class B misdemeanor criminal mischief, and Class C misdemeanor possession of paraphernalia and again alleged to be a habitual offender. While incarcerated pursuant to Cause No. F6-1049, Leyes was found in possession of a metal tube containing heroin after a

fellow inmate had to be revived by Narcan following an overdose. Leyes was charged under a separate cause number with Level 5 felony trafficking with an inmate, three counts of Level 5 felony dealing in a narcotic drug, and Level 6 felony possession of a narcotic drug. Leyes was granted pretrial release on June 15, 2017, but violated conditions of his release just three days later by removing his electronic monitoring device. Leyes was charged with Level 6 felony escape under cause number 84D01-1706-F6-1916 ("Cause No. F6-1916").

[3] Pursuant to a plea agreement, Leyes pled guilty to Level 6 felony maintaining a common nuisance under Cause No. F6-33, Level 6 felony possession of a narcotic drug under Cause No. F6-1049, and Level 6 felony escape under Cause No. F6-1916 and admitted to being a habitual offender. In exchange, the State dismissed all remaining charges. Sentencing was left to the trial court's discretion, but each sentence was to be served consecutively. On May 16, 2018, the trial court accepted the plea agreement and conducted a sentencing hearing. Leyes requested home detention at Club Soda until a bed opened at Oak Street, a program offering dual-diagnosis treatment. The trial court did not believe locally offered placements were appropriate, noting that "[Leyes will be] a risk to [himself] and a risk to the public if I just kick [him] out to probation right now." Tr. Vol. II p. 39. On May 23, 2018, the trial court sentenced Leyes to an aggregate sentence of six-and-one-half years of purposeful incarceration in the DOC, finding that

> [t]he following statutory aggravating factors are established: defendant has a lengthy history of criminal or delinquent behavior; and defendant recently violated conditions of pre-trial

release into community corrections. The evidence before the court does not establish any statutory mitigating factors. The court does acknowledge defendant's acceptance of responsibility and request for help. However, defendant has been afforded multiple opportunities in his prior cases to address his mental health and substance abuse issues, and he has failed to take advantage of the same. There is a complete absence of any evidence that defendant would follow through and succeed on probation or direct placement in getting the help he needs. Defendant himself recognizes he is still subject to the "whirlpool" that keeps dragging him back to using. Neither a suspended sentence nor direct placement are appropriate.

Appellant's App. Vol. II p. 86.

# Discussion and Decision

[4] Leyes does not contest the length of his sentence, only his placement in the DOC. We may revise a sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (internal citations omitted). Placement is an appropriate focus for application of our Appellate Rule 7(B) authority. *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). When a defendant challenges his placement, under Appellate Rule 7(B), the question is not whether another placement is more appropriate but, rather, whether the given placement is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). It is the defendant's

burden to persuade us that the placement is inappropriate. *Id.* We have stated that "it will be quite difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate," noting that "trial courts know the feasibility of alternative placements in particular counties or communities." *Id.*

[5] The nature of the offenses Leyes committed warrant placement in the DOC. Leyes pled guilty to three Level 6 felonies, two of which were drug-related crimes. Leyes committed all three felonies within a span of just six months, and his violation of the conditions of pretrial release just three days after placement proved that he was unable to handle the less stringent environment of community corrections. Leyes's actions demonstrate a need for the structured environment provided at the DOC.

[6] Leyes's character also warrants placement in the DOC. The trial court denied Leyes's requested placement at Oak Street, finding that he needed more than locally-provided intervention and that he would be a risk to himself and the public if released on probation. In reaching its decision, the trial court considered Leyes's lengthy criminal history to be an aggravating factor, which includes Level C felony obtaining a controlled substance by fraud or deceit, Level D felony possession of marijuana, six other felonies, and seven misdemeanors. While the trial court acknowledged that Leyes accepted responsibility and sought help for his mental-health and substance-abuse issues, it noted his failure to take advantage of the numerous opportunities previously offered to deal with those issues. Even Leyes recognized the struggle he has

always faced while in the community, telling the trial court, "It seems like no matter how good I was doing there was always this whirlpool that drug me back into my addiction and mental health circumstances that would lead me back to the same circle where I made bad choices." Tr. Vol. II p. 19. Leyes's evaluation is supported by indications that the year he spent in jail prior to the disposition of this case was, in the words of one person close to him, "the best I've ever seen [Leyes] be in his whole twenty-nine years." Tr. Vol. II p. 25. Given the nature of his offenses, lengthy criminal history, violation of pretrial release after just three days, and failure to respond to prior treatment for his mental-health and substance-abuse issues, Leyes has failed to establish that his placement in the DOC was inappropriate.

[7]    The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.