

IN THE

# Court of Appeals of Indiana

Robert Carl Christopher,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*



FILED

Dec 19 2024, 9:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

December 19, 2024

Court of Appeals Case No.
24A-CR-1044

Appeal from the
Bartholomew Circuit Court

The Honorable
Kelly S. Benjamin, Judge

Trial Court Cause No.
03C01-2302-F3-779

**Opinion by Senior Judge Shepard**
Judges Foley and Kenworthy concur.

**Shepard, Senior Judge.**

[1] Robert Carl Christopher pleaded guilty to one count of armed robbery as a level 3 felony for which he agreed to serve a ten-year sentence, with placement left to the trial court's discretion. Christopher appeals, contending his sentencing order must be vacated and remanded because the court committed fundamental error when it allowed the State to cross-examine him after his allocution. For reasons we explain below, we affirm.

## Facts and Procedural History

[2] On February 9, 2023, Christopher entered the Moose Lodge in Columbus, wearing a Darth Vader mask, a dark coat or hooded sweatshirt with the hood pulled up over his head, and a backpack. He was armed with a loaded Taurus 387 Magnum Revolver. He sat down at the bar and motioned for the bartender to come to him. After she refused, he showed her a notebook containing pages that read "no police" and referred to collecting all of the patrons' wallets and cell phones. Appellant's App. Vol. II, p. 29. Christopher removed around $4,800 in cash from the safe behind the bar and confiscated cell phones from some patrons. He displayed his handgun for everyone to see, pointing it at one of the patrons. The manager of the lodge followed Christopher after he exited

the building and called 911, advising law enforcement officers of his location. Christopher was arrested after briefly refusing officers' commands to stop.

[3] The State filed various charges against Christopher as a result of this incident. He reached a plea agreement with the State whereby he would plead guilty to Level 3 felony armed robbery, for which he would receive a ten-year sentence. His placement was left to the trial court's discretion. Appellant's App. Vol. 2, p. 43.

[4] Christopher made an allocution at his sentencing hearing, the State was allowed to cross-examine him, and his counsel was allowed to ask follow-up questions on redirect examination. Ultimately, the court sentenced Christopher to nine years executed in the DOC and one year suspended to probation.

## Discussion and Decision

[5] Christopher argues that we must vacate his sentencing order and remand for resentencing because the trial court's allocution procedure was faulty. He argues that the "trial court committed fundamental and reversible error when it denied Christopher his full constitutionally protected right to allocution." Appellant's Br. p. 12.

[6] Because counsel did not object to the trial court's allocution procedure, we review Christopher's claim for fundamental error. "'Fundamental error is an exception to the general rule that a party's failure to object at trial results in a waiver of the issue on appeal.'" *Strack v. State*, 186 N.E.3d 99, 103 (Ind. 2022) (quoting *Kelly v. State*, 122 N.E.3d 803, 805 (Ind. 2019)). "But fundamental

error occurs only when the error 'makes a fair trial impossible or constitutes clearly blatant violations of basic and elementary principles of due process presenting an undeniable and substantial potential for harm.'" *Id.* (quoting *Clark v. State*, 915 N.E.2d 126, 131 (Ind. 2009)). A defendant faces the heavy burden of establishing fundamental error. *Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014).

[7] "[T]he right to present evidence at sentencing and the right of allocution are distinct[.]" *Strack*, 186 N.E.3d at 102. For example, "when a defendant chooses to testify for evidentiary purposes, he or she must be placed under oath and subject to cross-examination." *Id.*; Ind. Code § 35-38-1-3 (1983) (presentence hearing procedure); *Biddinger v. State*, 868 N.E.2d 407, 413 (Ind. 2007) (defendant's sentencing hearing testimony under oath and subject to cross-examination).

[8] Generally, on the other hand, when a defendant pleads guilty and asks to give an allocution, the defendant has the right to do so under article 1, section 13 of the Indiana constitution. *See Strack*, 186 N.E.3d at 102-103; *Biddinger*, 868 N.E.2d at 412. However, "a statement in allocution is not evidence." *Biddinger*, 868 N.E.2d at 413. Allocution "is more in the nature of closing argument where the defendant is given the opportunity to speak[.]" *Id.* "The underlying purpose of allocution is undermined when a defendant's statement is put to the rigors of cross-examination." *Id.* Indeed, our Supreme Court has held that a defendant is not subject to cross-examination upon making a statement in allocution. *Id.*

[9] Consequently, the trial court erred by allowing Christopher to be subjected to cross-examination after his allocution. However, because there was no objection to the procedure, we must decide whether the error was fundamental. We conclude that it was not.

[10] Christopher was allowed to present his statement at sentencing. And during cross-examination, Christopher's testimony confirmed evidence that was already part of the record. For example, he testified about his prior criminal history, as well as his history of alcohol, marijuana, LSD, methamphetamine, and cocaine use, all of which was included in the pre-sentence investigation report. Appellant's App. Vol. II, pp. 48-49 (criminal history), 52 (substance abuse). The trial court then allowed his counsel to ask questions on re-direct examination about the same.

[11] Christopher has not met his heavy burden of establishing fundamental error because the matters elicited during cross-examination and further discussed on re-direct examination were part of the pre-sentence investigation report, a report upon which the court relied during sentencing. Though the court's allocution procedure was erroneous, the testimony that was elicited through the flawed procedure constituted harmless error due to its cumulative nature. "The erroneous admission of evidence may also be harmless if that evidence is cumulative of other evidence admitted." *Pelissier v. State*, 122 N.E.3d 983, 988 (Ind. Ct. App. 2019), *trans. denied*. And "harmless error cannot be considered fundamental." *Smith v. State*, 190 N.E.3d 462, 466 (Ind. Ct. App. 2022), *trans. denied*.

## Conclusion

We conclude that the trial court's allocution procedure was erroneous. However, because Christopher did not object and has failed to show fundamental error, we affirm the court's sentencing order.

Affirmed.

Foley, J., and Kenworthy, J., concur.

ATTORNEY FOR APPELLANT

Benjamin S. Loheide
Law Office of Benjamin Loheide
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Kelly A. Loy
Assistant Section Chief for Criminal Appeals
Indianapolis, Indiana