## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 17 2015, 8:28 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Amanda O. Blackketter<br>Blackketter Law, LLC<br>Shelbyville, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Richard C. Webster<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas Daniel Sayre,<br><br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Plaintiff,* | July 17, 2015<br><br>Court of Appeals Case No.<br>73A01-1411-CR-482<br><br><br>Appeal from the Shelby Superior Court<br>The Honorable Jack A. Tandy, Judge<br>Cause No. 73D01-1403-FC-32 |

**Robb, Judge.**

# Case Summary and Issue

[1]     Thomas Sayre entered a plea of guilty to robbery, a Class C felony, and was sentenced to seven years executed at the Indiana Department of Correction

("DOC"). Sayre appeals, raising the sole issue of whether his sentence, and in particular his placement in DOC, is inappropriate in light of the nature of his offense and of his character. Concluding his sentence is not inappropriate, we affirm.

# Facts and Procedural History

On March 14, 2014, Sayre offered to sell five pounds of marijuana for $5,000 to James Jones, who was an undercover detective. Sayre arranged to meet Detective Jones at a gas station in Shelbyville, Indiana, and told Jones he would be in a blue Honda. Sayre's brother drove Sayre to the gas station where Sayre spoke with Devon Jones, his cousin, who was there in another vehicle. When Detective Jones arrived, Sayre walked to Detective Jones's vehicle, and Detective Jones handed him an envelope containing the money. Sayre returned to his vehicle and acted as though he was going to reach inside to get the drugs. Instead, he jumped into the passenger seat and his brother drove away at a high rate of speed. Devon Jones followed in his vehicle to act as a blockade. Sayre and his brother initially got away and took the money to a nearby casino. Police located them later that day, and Sayre admitted his involvement in the incident, claiming responsibility for the setup and stating he had basically bribed his brother and cousin to participate.

The State charged Sayre with conspiracy to commit robbery, a Class C felony; robbery, a Class C felony; theft, a Class D felony; conspiracy to commit theft, a Class D felony; money laundering, a Class D felony; and alleged he was an

habitual offender. Sayre eventually entered into a plea agreement whereby he entered a plea of guilty to robbery, a Class C felony; the State dismissed the remaining charges and the habitual offender allegation; and the sentence was to be determined by the trial court. At the sentencing hearing, Sayre acknowledged his drug addiction and asked the trial court to consider placing him in a Purposeful Incarceration program[1] to address his drug issues: "I'm not necessarily asking for less time, I, I guess what I'm asking for is, I don't want out of, out of my charges, you know. But I really [sic] asking is, seeking for is drug treatment, because that's what, that's what always brings me down." Transcript at 38-39.

[4]     The trial court accepted the plea and found Sayre guilty of robbery as a Class C felony. With respect to sentencing, the trial court stated:

> In terms of reviewing your situation I'll find three aggravating circumstances, the first being your criminal history . . . . Probation counted seven prior felony convictions and nine prior misdemeanor convictions, so you certainly have a significant criminal history especially in light of your age.[2] The second aggravator I'll find is that you have, we've tried lesser restrictive type sentencing, including probation in the past, and those have not been successful because you violated those various programs. The third . . . aggravator I'll find is that . . . the unique circumstances of the crime pose a danger to several

---

[1] Purposeful Incarceration is described on the DOC website as a cooperative project between DOC and Indiana courts where the DOC "works in collaboration with Judges who can sentence chemically addicted offenders and document that they will 'consider a sentence modification' should the offender successfully complete [a] . . . Therapeutic community." Therapeutic communities "provide intensive substance abuse treatment . . . that hold the offenders highly accountable." *Purposeful Incarceration*, http://www.in.gov/idoc/2798.htm (last visited July 15, 2015).

[2] Sayre testified that he would "[b]e twenty six." Tr. at 36.

> people . . . people driving by there, the innocent people as well as the police officers, beyond what is normally present in a robbery situation . . . . On the mitigating side of things I'll find one mitigator that being your, taking responsibility by pleading guilty and I agree with the state on this point that that is somewhat lessened by the circumstances and the benefit that you received of having the habitual dismissed . . . . Sentence you to seven years at the [DOC], to be served on an executed basis . . . . Recommend to the [DOC] that you receive substance abuse and mental health treatment while you're within the department.

Tr. at 42-43. Sayre now appeals his sentence.

# Discussion and Decision

## I. Standard of Review

Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

## II. Inappropriate Sentence

Sayre does not challenge the length of the sentence imposed by the trial court. Instead, he challenges the trial court's order that he serve his sentence in the DOC. The place where a sentence is to be served is subject to Rule 7(B) review. *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). However, it is "quite

difficult" for a defendant to prevail on a claim that his placement is inappropriate because "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 343-44 (Ind. Ct. App. 2007) (emphasis in original).

[7] Here, the record shows Sayre asked the trial court to identify him as a Purposeful Incarceration offender, but the trial court did not do so. Although the trial court did not specifically address Sayre's request and the reasons for denying it, it is clear from the trial court's sentencing statement that Sayre's criminal history, and in particular, his failure to respond to less restrictive placements factored into the trial court's placement decision. Despite not ordering Purposeful Incarceration, the trial court did recommend Sayre receive substance abuse treatment while incarcerated. Sayre claims that because of "the particular circumstances of Sayre's drug use and addiction, placement in the [DOC] will make drug treatment unsuccessful for this particular defendant." Appellant's Brief at 6.

[8] We are not convinced that the trial court's imposition of an executed sentence and the provision of substance abuse and mental health treatment in the DOC instead of Purposeful Incarceration is inappropriate. The record reveals the nature of Sayre's offense involved bribing his relatives to assist him in committing a robbery and imperiling others as they fled from the scene. Although there is nothing particularly egregious about this, we conclude that Sayre's character justifies his placement with DOC.

[9]     At twenty-six years of age, Sayre has an extensive criminal history as both a juvenile and as an adult, including, as particularly relevant to this charge, multiple convictions for property offenses. He has violated probation each time he has been placed on it, and he committed the instant offense while on parole. He has not reformed his behavior as a result of his past incarcerations or in response to past leniency. Sayre does have a long-standing and apparently serious drug problem. However, on the occasions he has been ordered into drug treatment, he has failed to take advantage of it, and he has not affirmatively sought treatment on his own before requesting this grace from the trial court. Drug treatment of any kind in any place will only be successful for Sayre if he is willing to battle and overcome his addiction, and Sayre has not shown that the DOC will be unable to offer adequate opportunities to address his substance abuse issues.

# Conclusion

[10]    After due consideration of the trial court's decision and our own assessment of Sayre's character, we cannot say that placement in the DOC is inappropriate.

[11]    Affirmed.

May, J., and Mathias, J., concur.