## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marcus Stidhum,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 24, 2015

Court of Appeals Case No.
71A03-1412-CR-434

Appeal from the St. Joseph Superior Court;
The Honorable Jane Woodward Miller, Judge;
71D01-1407-F6-15

**May, Judge.**

Marcus Stidhum appeals his two-year sentence for Class A misdemeanor resisting law enforcement[1] and Level 6 felony possession of a narcotic drug.[2] As the sentence was not inappropriate, we affirm.

## Facts and Procedural History

On July 7, 2014, the police were dispatched to a convenience store on a report of an "unwanted person."  (Confidential Appendix (hereinafter "Conf. App.")[3] at 41.)  An officer stopped Stidhum, who matched the description in the report.  Stidhum identified himself as Michael Ward.  The officer told Stidhum he would be issued a warning for criminal trespass, and while the officer was retrieving the warning forms, Stidhum ran.  The officer caught Stidhum and found cocaine in his pocket.

The State charged Stidhum with Class B misdemeanor false informing,[4] Class A misdemeanor resisting law enforcement, and Level 6 felony possession of a narcotic drug.  Stidhum pleaded guilty to resisting law enforcement and possession of a narcotic drug, and the State dismissed the false informing charge.  The trial court sentenced Stidhum to one year for resisting law enforcement and two years for possession, to be served concurrently.

---

[1] Ind. Code § 35-44.1-3-1 (2014).

[2] Ind. Code § 35-48-4-6 (2014).

[3] A confidential appendix contains documents and other information that may be excluded from public access pursuant to Ind. Administrative Rule 9(G) (2015).

[4] Ind. Code § 35-44.1-2-3 (2014).

# Discussion and Decision[5]

[4]    We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[5]    When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The sentencing range for a level 6 felony is six months to two and one-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7 (2014). A sentence for a Class A misdemeanor shall not exceed one year. Ind. Code § 35-50-3-2. Stidhum received a two-year sentence for the felony and one year for the misdemeanor, and the court ordered them served concurrently.

[6]    Regarding the nature of his offense, Stidhum was loitering at a convenience store. There were warrants for his arrest when he gave a false name to the

---

[5] Stidhum's sole argument on appeal is that his sentence is inappropriate under Appellate Rule 7(B). Nonetheless, he invites us to review the court's decision for an abuse of discretion. (See Appellant's Br. at 3.) We will not. *See, e.g., King v. State,* 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (an inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant).

police. He possessed cocaine and fled the scene. There is nothing particularly egregious about his offense.

[7] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*.

[8] Stidhum's criminal history includes six felony convictions and two misdemeanor convictions. Although related mostly to substance abuse,[6] they also include violent acts.[7] His probation had been revoked for failing to appear and for "reasons unknown." (Conf. App. at 28, 30.) Stidhum has not shown he can abide by the rules of a lesser sentence, and even his counsel was concerned if Stidhum were not closely supervised, "we'll be back here on a probation violation." (Tr. at 24.) Stidhum also had been arrested for multiple offenses that were not prosecuted. *See Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005) (lengthy arrest record reveals "defendant has not been deterred even after having been subject to the police authority of the State").

---

[6] These include manufacturing or delivery of controlled substances, three convictions of possession of a controlled substance, aggravated driving under the influence with license suspended or revoked, and driving under the influence.

[7] These include domestic battery and battery.

[9] Stidhum requests an alternative placement to the Department of Correction. This is "an appropriate focus for application of our review." *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). However, trial courts are in the best position to know the feasibility and availability of such placements. *Fonner v. State,* 876 N.E.2d 340, 343 (Ind. Ct. App. 2007). Stidhum was denied entrance to DuComb Center,[8] because they were not equipped to "dispers[e] medication for his anger management." (Tr. at 20.) The trial court was aware of this and would presumably have known of other facilities and their capabilities. It declined to place Stidhum elsewhere because the available facility was "not willing to take [him] because of [his] history of violence." (*Id.* at 26.)

[10] We do not decide if "another sentence is *more* appropriate; rather the question is whether the sentence imposed is inappropriate." *Fonner*, 876 N.E.2d at 344. "A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate." *Id.* This he has not done. *See id.* (trial courts are equipped to know the availability and resources regarding placement in their locales).

[11] While there was nothing extraordinary about Stidhum's offense, his criminal history indicates this two-year sentence is not inappropriate in light of his character. Accordingly, we affirm.

---

[8] DuComb Center is "a community corrections project established in St. Joseph County (Ind.) in 1982[.]" https://www.ncjrs.gov/App/publications/Abstract.aspx?id=153737.

Affirmed.

Robb, J., and Mathias, J., concur.