## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 25 2016, 7:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth A. Johnson
Michael R. Fisher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Marlon Coley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 25, 2016

Court of Appeals Case No.
49A02-1511-CR-1932

Appeal from the Marion Superior Court.
The Honorable Clark Rogers, Judge.
Cause No. 49G25-1501-F6-2638

**Sharpnack, Senior Judge**

## Statement of the Case

Marlon Coley pleaded guilty to forgery and perjury, both Level 6 felonies.[1]  He was sentenced to 730 days, to be served in the Indiana Department of Correction (DOC).  He appeals the sentence, specifically his placement with the DOC, contending it is inappropriate.  We affirm.

## Issue

The sole issue Coley raises for our review is whether his placement in the DOC, to serve his sentence of 730 days, is inappropriate in light of the nature of his offenses and his character.

## Facts and Procedural History

On July 18, 2014, Coley was arrested for felony theft and misdemeanor receiving stolen property for taking merchandise from a Big Lots store.  He was on parole at the time for a prior felony theft conviction.  When he was arrested, Coley falsely identified himself to the arresting officer as Anthony Moore.  Anthony Moore is Coley's brother.

After his arrest, Coley was transported to the Marion County Arrestee Processing Center where again he identified himself as Anthony Moore.  Coley was processed and fingerprinted under that name, attended several hearings at

---

[1] Ind. Code § 35-43-5-2(d)(1) (2014) (forgery).

  Ind. Code § 35-44.1-2-1(a)(1) (2014) (perjury).

the processing center and in Marion County courtrooms under that name, and signed several court documents using that name.

[5] On September 16, 2014, during a pretrial conference, Coley's true identity was revealed by his attorney. On December 4, 2014, Coley gave a statement to a sergeant with the Marion County Sheriff's Office and a detective with the Indianapolis Metropolitan Police Department, admitting that he signed three court documents as Anthony Moore.[2]

[6] The State charged Coley with three counts of forgery, as Level 6 felonies, and one count of perjury, as a Level 6 felony. Coley entered into a written plea agreement and agreed to plead guilty to one count of Level 6 felony forgery and one count of Level 6 felony perjury. The remaining charges were dismissed. Under the terms of the plea agreement, Coley agreed to a sentence of 730 days executed on each count, to be served concurrently. Coley's placement remained open to argument.

[7] At the combined plea agreement/sentencing hearing, Coley pleaded guilty and was sentenced per the terms of the plea agreement. The trial court ordered Coley to serve his sentence in the DOC, stating specifically:

> . . . With that being said my sentencing statement again is he's had twelve, like I stated, twelve felony conviction[s], six

---

[2] The three court documents Coley signed using his brother's name were an Initial Hearing Rights form, a Motion for Stay Away Order Upon Release on Bond or Personal Recognizance, and a Petition and Order for Appointment of Counsel.

misdemeanors. He has not been successful on the pretrial release. So with that being said I will accept the plea. Be bound be [sic] the terms and conditions of the plea. He will do the seven thirty in the Department of Correction. And that is concurrent.

Tr. p. 12.

## Discussion and Decision

[8] Coley's sole contention on appeal is that requiring him to serve his sentence of 730 days in the DOC is inappropriate in light of the nature of his offenses and his character. He asks this Court to revise the placement for the service of his sentence.

[9] This Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The place a sentence is to be served is an appropriate basis for an appeal under Rule 7(B). *See Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). "We conduct [review of a sentence] with substantial deference and give 'due consideration' to the trial court's decision." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014). A defendant bears the burden of persuading the appellate court that his sentence has met the inappropriateness standard of review. *Anglemyer v. State,* 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (2007). It is "quite difficult" for a defendant to prevail on a claim that his placement is inappropriate because "the question under Appellate Rule 7(B) is not whether another sentence is *more*

appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 343-44 (Ind. Ct. App. 2007).

[10] According to Coley, his sentence is inappropriate in light of the nature of his offenses because "[the] crimes arose out of [Coley's] use of his brother's identity in order to avoid further incarceration on what he believed to be an outstanding warrant;" "[h]is offenses . . . did not arise from any attempt to defraud or steal money from anyone;" and "there were no personal victims who suffered financial consequences as a result of his [dishonesty]." Appellant's Br. p. 9. Regarding his character, Coley urges this Court to "focus on the changes in [his] life." *Id*. at 10. He has attended barber college; he has become the father of a young child; and, he is no longer homeless, which, according to Coley would make it possible for him to successfully complete home detention, if this Court so ordered.

[11] Looking at the nature of Coley's offenses, Coley lied to police, processing center staff, and court staff regarding his identity. It was not until September, 16, 2014, nearly two months after Coley's arrest, that his true identity was revealed. Coley seems to imply that his offenses are harmless because there was no victim. However, his offenses should not be taken lightly because they

continued to cause confusion within the court system even after Coley properly identified himself.[3]

[12] As to Coley's character, he has been arrested at least forty-three times as an adult. He has a criminal history that began in 1988 and continues to the present, including: misdemeanor possession of marijuana/hash oil, or hashish (1988); class B felony robbery and misdemeanor resisting law enforcement (1994); misdemeanor possession of marijuana/hash oil or hashish (1997); class B felony dealing in cocaine or narcotic (1997); misdemeanor domestic battery (2000); misdemeanor criminal conversion (2002); class D felony theft/receiving stolen property and misdemeanor criminal trespass (2003); class D felony theft/receiving stolen property (2004); misdemeanor possession of paraphernalia (2005); class D felony theft/receiving stolen property (2006); misdemeanor criminal trespass and class D felony residential entry (2007); class D felony possession of marijuana/hash/synthetic cannabinoid (2008); class D felony theft/receiving stolen property (2009); class D felony possession of cocaine or narcotic (2011); class D felony theft (2013); misdemeanor theft and Level 6 felony forgery and perjury (2014). Coley repeatedly violated terms of probation, and his probation has been revoked seven times.

---

[3] A pretrial conference was held on November 12, 2014, in the matter of the felony theft Coley committed at the Big Lots store. Because Coley falsely identified himself, the case was captioned *State of Indiana v. Anthony Moore*. At the pretrial conference, the court stated: "Okay I [sic] for the record I want to return the letter from Judge Lloyd to Mr., um, is your true name Anthony Moore[?]" *See* Appellant's App. p. 15. Coley answered, "I'm Marlon Coley." *Id*.

[13] Coley also has shown a penchant for committing crimes shortly after his release from custody. Following the July 18, 2014 felony theft that occurred at the Big Lots store and led to his commission of forgery and perjury, Coley was released from custody. On November 30, 2014, Coley committed theft at another store. He was released to home-detention and was required to wear an electronic ankle monitor. Coley removed the ankle monitor and committed theft at yet another store on December 12, 2014.

[14] Coley has not met his burden of persuading us that the chosen placement for execution of his sentence is inappropriate. In light of the nature of the offenses and Coley's character, we cannot conclude the trial court's decision to place Coley in the DOC is inappropriate.

## Conclusion

[15] For the reasons stated, we conclude Coley's sentence is not inappropriate given the nature of the offenses and his character.

[16] Affirmed.

Robb, J., and Brown, J., concur.