## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 26 2017, 6:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Todd A. Barr,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 26, 2017

Court of Appeals Case No.
84A04-1611-CR-2593

Appeal from the Vigo Superior Court

The Honorable David R. Bolk, Judge

Trial Court Cause No.
84D03-1602-F4-502

**Barnes, Judge.**

# Case Summary

Todd Barr appeals his commitment to the Department of Correction and argues that placement is inappropriate. We affirm.

# Issue

Barr raises one issue for our review, which is whether his commitment to the Department of Correction is inappropriate.

# Facts

On February 18, 2016, Barr reported for an appointment with his parole officer, Brandon Lovelace, in Vigo County. Barr was on parole after he finished serving an executed sentence for forgery. Lovelace administered a drug screen, and Barr tested positive for methamphetamine. Lovelace asked Barr if he had any contraband in his vehicle, and Barr informed him that he had marijuana and methamphetamine. Lovelace searched Barr's vehicle and discovered substances later identified as methamphetamine and marijuana, a digital scale, two pipes containing methamphetamine residue, and a "snort tube." App. Vol. II p. 74.

The State charged Barr with: (I) dealing in methamphetamine, a Level 4 felony; (II) dealing in methamphetamine, a Level 5 felony; (III) possession of methamphetamine, a Level 6 felony; (IV) maintaining a common nuisance, a Level 6 felony; (V) maintaining a common nuisance, a Level 6 felony; and (VI) possession of paraphernalia, a Class A misdemeanor. The State also alleged Barr was an habitual offender. On October 13, 2016, Barr pled guilty to one

count of dealing in methamphetamine, a Level 5 felony, and admitted to being an habitual offender.[1] Pursuant to the plea agreement, the State dismissed all the remaining charges against Barr. Barr and the State agreed Barr would serve four years in the Department of Correction, and that that sentence would be enhanced by four years, for an aggregate sentence of eight years. Barr and the State agreed to "argue all other terms of said sentence before the Court." App. Vol. II. p. 85. Specifically, the parties argued, "how much and where it's executed is up to the Court." Tr. Vol. V p. 6.

[5] On October 13, 2016, the trial court held Barr's sentencing hearing. Barr presented evidence that he qualified to serve the executed portion of his sentence in a work release program and asked the trial court to place him in such a program. In its sentencing statement, the trial court noted that Barr was on parole at the time he committed this offense. The trial court also cited Barr's history of felony offenses and his prior, unsuccessful attempt to complete a "community control" program. Oct. 13, 2016, Tr. p. 23. The trial court ordered Barr to serve six years of his sentence in the Department of Correction and suspended the remaining two years of his sentence. Barr now appeals.

---

[1] Barr initially entered a guilty plea on August 11, 2016. The parties subsequently agreed to amend the plea agreement, however, and, on October 16, 2016, Barr withdrew his original guilty plea and pled guilty according to the terms of the new plea agreement.

# Analysis

Barr argues that the trial court inappropriately ordered him to serve the executed portion of his sentence in the Department of Correction rather than on work release. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. *Id.* We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The location where a sentence is to be served is an appropriate focus for application of our review and revise authority. . . we note that it will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate. This is because the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather the question is whether the sentence imposed is inappropriate. A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate. As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities.

*King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (citing *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007).

[8] Barr contends the nature of his offense is "minor." Appellant's Br. p. 7. Barr is candid about his "lengthy criminal history," but argues it "was likely the result of a controlled substance addiction that could respond well to court-ordered treatment," something he says no trial court ever required him to do. *Id.*

[9] In some circumstances, we might agree with Barr's assessment that the nature of his offense is minor. However, in light of Barr's history of substance-related offenses, we do not agree that the instant conviction can be so readily dismissed. Instead, this offense is a continuation of Barr's decades-long history of substance offenses and offenses committed while in pursuit of substances.

[10] With regard to the character of the offender, we note that Barr's criminal history includes "no fewer than 14 known criminal convictions," including drug and alcohol offenses, a driving offense, multiple burglary convictions, theft, and forgery. App. Vol. II p. 65. We further note that Barr was discharged unsuccessfully from a "community control" program in Ohio and was unable to successfully complete the period of parole he was serving when he was arrested in this case. *Id.* Barr testified he previously has been enrolled in substance abuse treatment programs. In 2006, Barr participated in a ninety-day program at Amethyst House in Bloomington. In approximately 2011, he participated in a program called Turning Point.

[11]     We credit Barr with attending those programs and stating that he wants to overcome his addiction. Nonetheless, the fact remains that Barr has a lengthy criminal history and historically has been unable to complete community-supervision programs such as the one in which he contends the trial court should have ordered him to serve his sentence in this case. In light of the foregoing, we conclude Barr's commitment to the Department of Correction is not inappropriate.

## Conclusion

[12]     Barr's sentence, which required him to serve six years of his sentence in the Department of Correction, is not inappropriate. We affirm.

[13]     Affirmed.

Baker, J., and Crone, J., concur.