## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 18 2018, 10:30 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Davon Martell Ganier,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 18, 2018<br><br>Court of Appeals Case No.<br>79A05-1710-CR-2305<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Randy J. Williams<br><br>Trial Court Cause No.<br>79D01-1611-F2-32 |

**May, Judge.**

[1] Davon Martell Ganier appeals the trial court's order he execute twelve years of his eighteen-year sentence. He argues the amount of time ordered executed in the Department of Correction is inappropriate. We affirm.

## Facts and Procedural History

[2] On November 1, 2016, the State charged Ganier with seven counts stemming from an investigation of heroin distribution at Flenard Milsap's house: two counts of Level 4 felony dealing in a narcotic drug[1] and one count each of Level 2 felony dealing in a narcotic drug;[2] Level 2 felony conspiracy to commit dealing in a narcotic drug;[3] Class B misdemeanor possession of marijuana; Level 3 felony dealing in a narcotic drug;[4] Level 4 felony possession of a narcotic drug;[5] and Level 5 felony possession of a narcotic drug.[6] On July 26, 2017, Ganier accepted a plea agreement in which he pled guilty to the two Level 2 felonies in exchange for the State's dismissal of the remaining five charges. The plea left sentencing to the trial court's discretion.

---

[1] Ind. Code § 35-48-4-1(c) (2014).

[2] Ind. Code § 35-48-4-1(e) (2014).

[3] Ind. Code § 35-41-5-2 (2014) (conspiracy); Ind. Code § 35-48-4-1(e) (2014).

[4] Ind. Code § 35-48-4-1(d) (2014).

[5] Ind. Code § 35-48-4-6(d) (2014).

[6] Ind. Code § 35-48-4-6(b) (2014).

[3]     On September 12, 2017, the trial court held a sentencing hearing and sentenced

Ganier to eighteen years for each Level 2 felony, to be served concurrently.

The trial court ordered

> the defendant shall execute twelve (12) years of said sentence
> through the Indiana Department of Corrections [sic] followed by
> three (3) years executed through Tippecanoe County Community
> Corrections at a level to be determined by them. . . . [and] three
> years of the sentences of imprisonment should be, and the same
> hereby are, suspended and the defendant placed on supervised
> probation.

(App. Vol. II at 15.)

# Discussion and Decision

[4]     Under Ind. Appellate Rule 7(B), we may revise a sentence if, after due

consideration of the trial court's decision, we find the sentence inappropriate in

light of the nature of the offense and the character of the offender. *Anglemyer v.*

*State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (2007).

We consider not only the aggravators and mitigators found by the trial court,

but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d

852, 856 (Ind. Ct. App. 2013). We defer to the trial court's decision, and our

goal is to determine whether the defendant's sentence is inappropriate, not

whether some other sentence would be more appropriate. *Conley v. State*, 972

N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. Ganier, as the appellant, bears the

burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[5] Ganier "does not challenge the aggregate length of the sentence imposed, but rather the trial court's decision to order a majority of the sentence to be executed in the Department of Correction." (Br. of Appellant at 5.) "The place that a sentence is to be served is an appropriate focus for application of our review and revise authority." *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). However, it is "quite difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007). As we explained in *Fonner*:

> As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities. For example, a trial court is aware of the availability, costs, and entrance requirements of community corrections placements in a specific locale. Additionally, the question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate.

*Id*. at 343-4.

[6] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The sentencing range for a Level 2 felony is ten to thirty years, with an advisory sentence of seventeen and one-half years. Ind. Code § 35-50-2-4.5. The trial court sentenced Ganier to eighteen years. The nature of Ganier's

crimes is unremarkable - he conspired with others to possess and sell heroin between July 1 and October 25, 2016, and he possessed and sold heroin in the presence of a child on October 25, 2016.[7]

[7] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson*, 986 N.E.2d at 857. The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Ganier's criminal history is lengthy. He has multiple juvenile adjudications and adult misdemeanor convictions. While those adult convictions are misdemeanors, there were four pending petitions to revoke Ganier's probation, and he was on probation for two different offenses when he committed the crimes at issue in this case. Ganier reported he used drugs daily and has defied the separate trial court orders requiring him to engage in substance abuse treatment. At the sentencing hearing, Ganier's counsel asked him on direct examination, "if you were given probation today and you were let out without any supervision, you're going to relapse, you're going to be in trouble, you're going to be back here, do you agree with that?" (Tr. Vol. II at 43.) Ganier answered, "Yes." (*Id.*)

[8] Based on the nature of his crime and Ganier's character, we are unconvinced his placement in the Department of Correction for twelve years is

---

[7] Ganier also argues, regarding the nature of his offense, "he was raised without the benefit of a father and was recruited to commit the instant offenses by an individual whom he viewed as his uncle." (Br. of Appellant at 7.) We find this argument unpersuasive considering Ganier's escalating criminal history and failure to rehabilitate.

inappropriate. His criminal history alone demonstrates his inability to rehabilitate his behavior when given less restrictive supervision. *See Fonner*, 876 N.E.2d at 344 (placement in the Department of Correction not inappropriate when prior, less restrictive efforts at rehabilitation have been unsuccessful).

# Conclusion

[9] We hold Ganier has not carried his burden of persuading us that the amount of time ordered executed in the Department of Correction is inappropriate based upon his character and the nature of the offenses he committed. Accordingly, we affirm.

[10] Affirmed.

Riley, J., and Mathias, J., concur.