## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2018, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard Ford,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 26, 2018

Court of Appeals Case No.
18A-CR-880

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause No.
34D01-1705-F6-555

**Mathias, Judge.**

[1] Richard Ford ("Ford") appeals his sentence of thirty months in the Department of Correction ("DOC") from the Howard Superior Court. He presents one issue

for review, which we restate as whether the sentence is inappropriate given the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] On May 2, 2017, an officer with the Kokomo Police Department conducted a traffic stop of Ford. During this traffic stop, the officer determined that one of the passengers who was in Ford's vehicle had active warrants. During this passenger's transportation to the Howard County Jail, she admitted that she frequently purchased heroin from Ford at his home. The Kokomo Police Department also had an earlier tip that multiple people were entering Ford's house and leaving only a few minutes later. Based on this information, police were able to obtain a search warrant for Ford's home that they executed the next day.

[4] During the execution of the warrant, police discovered three syringes, clear plastic bags, straws with an off-white powdery substance, a burnt spoon, digital scales, Suboxone, and five yellow capsules in Ford's bedroom. Officers also found a safe containing marijuana and a clear plastic bag with a white powder Ford identified as "chemy." Appellant's App. p. 21. Ford admitted the safe and its contents belonged to him. Two pill bottles with a variety of pills and capsules were found in a backpack that Ford also identified as his.

[5] The State charged Ford with unlawful possession of a syringe, a Level 6 felony, maintaining a common nuisance, a Level 6 felony, possession of a synthetic

drug or look-a-like substance, a class A misdemeanor, possession of marijuana, a class B misdemeanor, and possession of paraphernalia, a class C misdemeanor. On March 12, 2018, Ford pleaded guilty to maintaining a common nuisance, possession of a synthetic drug or look-a-like substance, and possession of marijuana.

[6] The trial court sentenced Ford to an aggregate sentence of thirty months executed in the DOC. He challenges this sentence as inappropriate in light of the nature of the offense and character of the offender.

## Discussion and Decision

[7] Indiana Appellate Rule 7(B) provides that the court on appeal "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[8] Still, we must and should exercise deference to a trial court's sentencing decision because Rule 7(B) requires us to give "due consideration" to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Trainor v. State*, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)), *trans. denied*. Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers" and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what

we perceive to be a "correct" result in each case. *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)), *trans. denied*.

[9] The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). Whether a sentence is appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell,* 895 N.E.2d at 1224. When considering the character of the offender, an individual's criminal history is relevant to the trial court's determination. *Rutherford v. State,* 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Even a minor criminal record reflects poorly on the character of a defendant. *Reis v. State*, 88 N.E.3d 1099, 1105 (Ind. Ct. App. 2017). It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[10] Ford faced a sentence of between six months and thirty months, with an advisory sentence of one year, in the DOC for the Level 6 felony of maintaining a common nuisance. Ind. Code § 35-50-2-7(b). He also faced a term of not more than one year for possession of a synthetic drug or look-a-like substance as a class A misdemeanor, and a term of not more than 180 days for possession of marijuana, a class B misdemeanor. Ind. Code § 35-50-3-2 & 3. Therefore, his total term of consecutive imprisonment for the charges in the instant matter could not exceed four years. Ind. Code § 35-50-1-2(d)(1).

[11] The nature of the crimes supports the appropriateness of the sentence. Ford was acting as a middleman in drug transactions to support his heroin habit. Police were alerted to the possibility that Ford was selling drugs after a concerned father reported that Ford had gotten his daughter addicted to synthetic marijuana and a report from a neighbor who had noticed high traffic in and out of his home.

[12] Ford's poor character does not convince us that his sentence is inappropriate. Ford's criminal history is extensive. His history contains juvenile adjudications, seventeen misdemeanor convictions, and eight felony convictions. Prior to the instant matter, he had been placed on community supervision nineteen times. The State had filed seven violations of community supervision, which resulted in his probation being revoked three times. Additionally, he has fathered eight children for whom he does not regularly pay support. He admitted at sentencing that he is a drug addict and lived a criminal lifestyle for approximately twenty-seven years. However, the record contains no evidence that he has previously sought treatment for his addiction or otherwise made any attempt to remedy his criminal lifestyle. His numerous probation violations demonstrate prior lenient treatment was unsuccessful in reformation.

[13] Based on the nature of the crimes and the character of the offender, we are unable to conclude that Ford's sentence is inappropriate.

[14] Ford also requests that we change the location of his sentence to be served at a residential treatment facility with his prison time suspended. The location

where a sentence is to be served is an appropriate focus for application of a reviewing court's review and revise authority. *King v. State,* 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (citing *Biddinger v. State,* 868 N.E.2d 407, 414 (Ind. 2007)). As the question under Appellate Rule 7(B) analysis is "not whether another sentence is *more* appropriate" but rather "whether the sentence imposed is inappropriate," it is "quite difficult" for a defendant to prevail on a claim that his placement is inappropriate. *Id.* at 267–68. "As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities." *Id.* at 268. A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate. *Id.*

[15]    At the sentencing hearing, Ford requested placement in a community setting, or in the alternative, to be placed in the Therapeutic Community Program at the DOC. The trial court considered Ford's request and sentenced him to the DOC with a recommendation that he be placed in a clinically appropriate substance abuse treatment program. The trial court also stated that it would consider a sentence modification upon successful completion of a clinically appropriate substance abuse treatment program at the DOC. It is disingenuous for Ford to make a request for a placement, even in the alternative, have it granted by the trial court, and then argue on appeal that the location for the sentence is inappropriate. We cannot conclude that the location of the sentence in the instant matter is inappropriate.

# Conclusion

[16] For all of these reasons, we conclude that Ford's thirty-month sentence is not inappropriate in light of the nature of the offense and the character of the offender.

[17] Affirm.

Bailey, J., and Bradford, J., concur.