## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 09 2018, 9:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard Ford, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 9, 2018 <br><br> Court of Appeals Case No. 18A-CR-881 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable William C. Menges, Jr., Judge <br><br> Trial Court Cause No. 34D01-1707-F5-848 |

**Mathias, Judge.**

[1] Richard Ford ("Ford") appeals his sentence of thirty months in the Department of Correction ("DOC") from the Howard Superior Court. He presents one issue

for review, which we restate as whether the sentence is inappropriate in light of the nature of the offense and character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] The Kokomo Police Department conducted two controlled buys of heroin from Ford, using a confidential informant. On the dates of both of the controlled buys, on March 7, 2017, and on April 6, 2017, Ford had in his possession heroin, knowing that it was a narcotic drug for which he did not have a prescription. On July 20, 2017, the State charged Ford with two counts of dealing in a narcotic drug as a Level 5 felony. On February 9, 2018, Ford pleaded guilty to the lesser-included offenses of possession of a narcotic, a Level 6 felony.

[4] The trial court combined the sentencing hearing in the instant matter with the sentencing hearing in Cause No. 34D01-1705-F6-555, which we also affirmed in *Ford v. State*, Case No. 18A-CR-880 (Ind. Ct. App. Oct. 26, 2018). In the instant matter, the trial court sentenced Ford to thirty months in the DOC to be served consecutive to the sentence entered in Cause No. 34D01-1705-F6-555. Ford challenges this sentence as inappropriate in light of the nature of the offense and the character of the offender.

# Discussion and Decision

[5] Indiana Appellate Rule 7(B) provides that the court on appeal "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[6] Still, we must and should exercise deference to a trial court's sentencing decision because Rule 7(B) requires us to give "due consideration" to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Trainor v. State*, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)), *trans. denied*. Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers" and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result in each case. *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)), *trans. denied*.

[7] The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). Whether a sentence is appropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to

light in a given case." *Cardwell,* 895 N.E.2d at 1224. When considering the character of the offender, an individual's criminal history is relevant to the trial court's determination. *Rutherford v. State,* 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Even a minor criminal record reflects poorly on the character of a defendant. *Reis v. State*, 88 N.E.3d 1099, 1105 (Ind. Ct. App. 2017). It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8] Ford faced a period of imprisonment between six months and two and one-half years, with an advisory sentence of one year and a maximum fine of $10,000 for each of the two Level 6 felonies he pleaded guilty to. Ind. Code § 35-50-2-7(b).

[9] The nature of the crimes supports the appropriateness of the sentence. Ford, on two separate occasions, possessed heroin and sold this heroin to another individual. He was acting as a middleman in drug transactions to support his heroin habit.

[10] While the crimes at issue are not particularly heinous, Ford's character also supports the appropriateness of the sentence. Ford's criminal history is extensive. His history contains juvenile adjudications, seventeen misdemeanor convictions, and eight felony convictions. Prior to the instant matter, he had been placed on community supervision nineteen times. The State had filed seven violations of community supervision, which resulted in his probation being revoked three times. Additionally, he has fathered eight children for

whom he does not regularly pay support. He admitted at sentencing that he is a drug addict and had lived a criminal lifestyle for approximately twenty-seven years. However, the record contains no evidence that he has previously sought treatment for his addiction or otherwise made any attempt to remedy his criminal lifestyle. His numerous probation violations demonstrate that prior lenient treatment was unsuccessful in reformation. Based on the nature of the crimes and the character of the offender, we are unable to conclude that Ford's sentence is inappropriate.

[11]     Ford also requests that we change the location of his sentence to be served at a residential treatment facility with his prison time suspended. The location where a sentence is to be served is an appropriate focus for application of a reviewing court's review and revise authority. *King v. State,* 894 N.E.2d 265, 267 (citing *Biddinger v. State,* 868 N.E.2d 407, 414 (Ind. 2007)). As the question under Appellate Rule 7(B) analysis is "not whether another sentence is *more* appropriate" but rather "whether the sentence imposed is inappropriate," it is "quite difficult" for a defendant to prevail on a claim that his placement is inappropriate. *Id.* at 267–68 (emphasis in original). "As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities." *Id.* at 268. A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate. *Id.*

[12]     At the sentencing hearing, Ford requested placement in a community setting, or in the alternative, to be placed in the Therapeutic Community Program at the DOC. The trial court considered Ford's request and sentenced him to the DOC

with a recommendation that he be placed in a clinically appropriate substance abuse treatment program. The trial court also stated that it would consider a sentence modification upon successful completion of a clinically appropriate substance abuse treatment program at the DOC. It is disingenuous for Ford to make a request for a placement, even in the alternative, have it granted by the trial court, and then argue on appeal that the location for the sentence is inappropriate. We cannot conclude that the location of the sentence in the instant matter is inappropriate.

## Conclusion

[13] For all of these reasons, we conclude that Ford's thirty-month sentence is not inappropriate in light of the nature of the offense and the character of the offender.

[14] Affirmed.

Bailey, J., and Bradford, J., concur.