## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



**FILED**

Mar 06 2020, 10:57 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sarah J. Shores
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ragina C. Stittums,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 6, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2372<br><br>Appeal from the Shelby Superior<br>Court<br><br>The Honorable R. Kent Apsley,<br>Judge<br><br>Trial Court Cause Nos.<br>73D01-1902-F5-20, 73D01-1904-<br>F6-179 |

**Altice, Judge.**

## Case Summary

[1]   Ragina Stittums pled guilty, in an open plea under two separate cause numbers, to seven offenses, the most serious being Level 5 felony and Level 6 felony possession of methamphetamine. The trial court imposed an aggregate sentence of four years executed in the Indiana Department of Correction (DOC) followed by two and one-half years on home detention as a direct commitment. On appeal, Stittums argues that her partial commitment to the DOC was inappropriate and that the trial court should have ordered all of her sentence be served on home detention.

[2]   We affirm.

## Facts & Procedural History

[3]   On February 23, 2019, Stittums was stopped while driving a vehicle with a suspended license. She consented to a search of her vehicle, which resulted in the discovery of a digital scale, methamphetamine pipes containing residue, two small baggies and one vial of methamphetamine, and a small vial containing marijuana. Stittums admitted that the items all belonged to her. The State charged Stittums under cause number 73D01-1902-F5-20 (Cause F5-20) with Level 6 felony possession of methamphetamine, Level 5 felony possession of methamphetamine, Class B misdemeanor possession of marijuana, and Class C misdemeanor possession of paraphernalia.

[4]   On April 11, 2019, while out on bond in Cause F5-20, Stittums was pulled over by police while traveling the wrong way on a one-way street. She gave a false name to the officer but was eventually identified. Stittums consented to a

search of her vehicle, which revealed a methamphetamine pipe and small baggies that contained methamphetamine and marijuana. The State charged her under cause number 73D01-1904-F6-179 (Cause F6-179) with Level 6 felony possession of methamphetamine, Class B misdemeanor false informing, Class B misdemeanor possession of marijuana, and Class C misdemeanor possession of paraphernalia.

Stittums was held in custody until July 10, 2019, when the trial court released her to pretrial home detention with the condition that she reside at Grace House, a residential treatment facility in Shelbyville. While at Grace House, Stittums, by her own account, obtained employment, remained drug free, and worked toward recovery.

On August 21, 2019, Stittums entered an open plea of guilty in both pending causes. The trial court entered judgments of conviction on all counts except for the Level 6 felony possession of methamphetamine in Cause F5-20. Per Stittums's request, the court proceeded to sentencing that same day. At the conclusion of the sentencing hearing, the trial court sentenced Stittums in Cause F5-20 to concurrent terms of four years in the DOC for Level 5 felony possession of methamphetamine, ninety days for the Class B misdemeanor, and 60 days for the Class C misdemeanor. In Cause F6-179, the court sentenced her to two and one-half years for Level 6 felony possession of methamphetamine, concurrent with several short sentences for the misdemeanor offenses, to be "served as a direct commitment to Community Corrections to be served on Home Detention." *Appendix* at 92. As required by

I.C. § 35-50-1-1(e), the trial court ordered the sentences in the two causes to be served consecutively. Thus, Stittums received an aggregate sentence of four years in the DOC followed by two and one-half years on home detention.

**Discussion & Decision**

[7] Stittums contends that her sentence is inappropriate. We may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224. Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The burden is on the defendant to persuade us her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8]    Stittums received a slightly aggravated sentence of four years for Cause F5-20's Level 5 felony.  *See* Ind. Code § 35-50-2-6(b) (sentencing range for a Level 5 felony is between one and six years, with the advisory sentence being three years).  She received the maximum sentence of two and one-half years, served on home detention, for Cause F6-179's Level 6 felony.  I.C. § 35-50-2-7(b) (sentencing range for a Level 6 felony is between six months to two and one-half years, with the advisory sentence being one year).

[9]    On appeal, Stittums does not challenge the length of her sentence.  Instead, she challenges the trial court's decision to order part of the sentence executed at the DOC.  She claims that the entirety of her aggregate sentence should be served on home detention because while on pretrial release to home detention, she "remained sober and behaved admirably by committing fully to treating her addition."  *Appellant's Brief* at 7-8.  According to Stittums, she is properly managing her addiction and is no longer a threat to society.

[10]    "The place that a sentence is to be served is an appropriate focus for application of our review and revise authority."  *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007).  "Nonetheless, we note that it will be quite difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate."  *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007); *see also King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).  This is because the question under Rule 7(B) is not whether another sentence is more appropriate; the question is whether the sentence imposed is inappropriate.  *King*, 894 N.E.2d at 268.  "A

defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate." *Id*.

[11] Stittums does not allege that placement in the DOC followed by home detention would make her drug treatment unsuccessful or impractical. *See id*. Moreover, our review of the nature of her crimes and, more particularly, her character indicates that the executed portion in the DOC is not inappropriate. Her offenses may be minor when viewed in isolation, but she committed the second set of offenses less than two months after being released on bond in Cause F5-20. Further, her poor character is reflected by her lengthy criminal history (with prior felony convictions in 2006, 2010, 2011, and 2014 in Indiana and Colorado and fifteen separate misdemeanor convictions spanning from 1991 through 2018), numerous probation violations, failed attempt at drug court in 2015, and her drug use shortly after completing purposeful incarceration in 2017.

[12] In its lengthy oral sentencing statement, the trial court summarized why it was sending Stittums to the DOC before home detention.

> [I]f in fact you're ready to get away from that life style then, then I commend you for that, and you're the only [person] that can make sure that's successful. That having been said, I would think after 28 years of being involved in the criminal justice system you would have been ready a long time ago. And certainly you've been given every opportunity to be ready and to deal with your drug issues. And particularly, I note the fact that you've been through Drug Court before, that you've been committed to the [DOC] before where you have received, I guess, intensive substance abuse treatment or programming through the

Purposeful Incarceration Program, and in fact actually got a time cut from the [DOC] for completing [the program], and then not withstanding that, you obviously pick up these new Level 5 and Level 6 felony cases all involving drugs. So again, I do wish you well with your, with your sobriety and your attempts to get sober, but at some point, in particularly I would say after 26 criminal arrests at some point you, you have to take responsibility and accountability, and the Court has to hold you accountable for your criminal acts.

*Transcript* at 46-47.

[13] The fact that Stittums may have been "doing beautifully on home detention" in the forty-two days leading up to the sentencing hearing does not overshadow the reality that she repeatedly failed to sustain such progress in the past. *Appellant's Brief* at 10. Stittums has failed to establish that the sentence imposed is inappropriate in light of the nature of her offenses and her character.

[14] Judgment affirmed.

Robb, J. and Bradford, C.J., concur.