## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 21 2020, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEY FOR APPELLEE

Tyler G. Banks
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tony Curtis Lester, Sr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 21, 2020<br>Court of Appeals Case No.<br>19A-CR-2532<br>Appeal from the Tippecanoe Superior Court<br>The Honorable Steven P. Meyer, Judge<br>Trial Court Cause No.<br>79D02-1905-F5-67 |

**Altice, Judge.**

### Case Summary

[1] Tony Curtis Lester, Sr. pled guilty to burglary as a Level 5 felony. The trial court sentenced him to the advisory term of three years executed in the Indiana

Department of Correction (DOC). On appeal, Lester argues that the fully executed nature of his sentence is inappropriate in light of the nature of the offense and his character.

[2] We affirm.

**Facts & Procedural History**

[3] Late in the evening on December 6, 2018, Lester used a screwdriver to break into the locked garage of Jeffery and Rebecca Wooten. With his son's help, Lester removed over $750 worth of property from the garage and loaded it into his vehicle. An officer responded after a neighbor called the local sheriff's department. The officer observed Lester's vehicle being driven away from the scene with its headlights and taillights turned off. Following a traffic stop, Lester and his son gave conflicting stories to the officer. Thereafter, Jeffery Wooten identified the stolen property found in Lester's vehicle and noted damage to his walk-in garage door.

[4] On May 1, 2019, the State charged Lester with Level 5 felony burglary and Level 6 felony theft. While out on conditional bond, Lester tested positive for cocaine and missed three required drug screens. On August 23, 2019, following a hearing, the trial court revoked Lester's bond. Thereafter, on September 27, 2019, Lester entered into a plea agreement with the State, pursuant to which he pled guilty to burglary and the theft charge was dismissed. Sentencing was left to the trial court's discretion.

On October 24, 2019, the trial court accepted Lester's guilty plea and held the sentencing hearing. The trial court found as mitigating factors: "Defendant pled guilty and accepted responsibility; he has significant mental health issues; he has physical health issues; he has shown remorse for his actions; long term incarceration would cause a hardship on his Wife; and he has strong family support." *Appendix* at 15. As aggravating factors, the court found: "Defendant's criminal history; he has had six Petitions to Revoke Probation filed against him with 3 having been found true; he has had 3 Motions to Commit filed against him with all being found true; he violated pre-trial conditions in this case; and prior attempts at rehabilitation have failed." *Id.* at 16. The trial court determined that the mitigating and aggravating factors were in balance and sentenced Lester to the advisory sentence of three years, all executed in the DOC. Lester now appeals. Additional information will be provided below as needed.

## Discussion & Decision

Lester contends that his sentence is inappropriate. We may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.*

at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id*. at 1224. Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The burden is on the defendant to persuade us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] Lester received the advisory sentence of three years for his Level 5 felony. *See* Ind. Code § 35-50-2-6(b) (sentencing range for a Level 5 felony is between one and six years, with the advisory sentence being three years). This sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Vega v. State*, 119 N.E.3d 193, 203 (Ind. Ct. App. 2019).

[8] On appeal, Lester does not challenge the length of his sentence. Instead, he argues only that it was inappropriate for the trial court to impose a fully executed sentence. He asks that we revise his sentence to a term of three years with two years executed in the DOC and one year suspended to probation.

[9] "The place that a sentence is to be served is an appropriate focus for application of our review and revise authority." *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). "Nonetheless, we note that it will be quite difficult for a defendant

to prevail on a claim that the placement of his or her sentence is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007); *see also King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). This is because the question under Rule 7(B) is not whether another sentence is more appropriate; the question is whether the sentence imposed is inappropriate. *King*, 894 N.E.2d at 268. "A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate." *Id.*

[10] With regard to the nature of the offense, Lester asserts that "his conduct on the date in question amounted to no more than that necessary to establish the statutory elements of the offense of burglary as a Level 5 felony." *Appellant's Brief* at 7. We agree, as did the trial court. Indeed, the trial court observed that if sentencing was just based on the nature of the offense, "we'd be probably talking about something completely different[.]" *Transcript* at 52.

[11] Lester's poor character is reflected in his significant criminal history with two felony convictions (1992 grand larceny in Virginia and 2015 criminal recklessness with a deadly weapon in Indiana) and seven misdemeanor convictions (1995 public intoxication, 1999 driving while suspended, 2002 and 2010 operating while intoxicated, 2006 and 2009 resisting law enforcement, and 2013 conversion). In the past, Lester has received suspended sentences, community corrections, and substance abuse treatment following his convictions. Despite this leniency, Lester has continued to commit crimes and use illegal drugs, has violated probation multiple times, and has been committed to jail three times after violating community corrections while

serving his recent felony sentence. The trial court detailed its own extensive history with Lester since 2015, as well as the revocation of bond in the instant case.

[12] The court recognized Lester's difficult childhood, limited education, poor mental and physical health, and the tragic losses of his grandchild in 2014 and cousin during the pendency of this case. The court explained:

> So this is what's confounding to me. It's really – it's a very sad story, and I don't know that you're – you need to go to prison…. [Y]ou're not as dangerous as some of the other people I've sent to prison, but then again, your record indicates that nothing else works for you, and part of my thinking is if I were to give you community corrections or give you to probation, we're just going to see you back. We're going to see you back every two to three months as we have since 2015.
>
> I know you're shaking your head no, that's not going to happen, but, inevitably, that is what's happened since 2015. I see you back every two, three, four, or five months because you don't want to do what you're told, and I just wonder if we give you any more community corrections or probation if we're just, honestly, setting you up for failure, and then costing more time and energy in the system ….

> *Id.*

[13] Ultimately, after thoroughly discussing the aggravating and mitigating factors, the trial court imposed a lesser number of years than recommended by the State and the defense but ordered the entire sentence to be executed in the DOC. Based on Lester's lengthy history and many failed attempts at rehabilitation

through less severe sentences, we cannot say that the executed advisory sentence imposed by the trial court was inappropriate here.

[14]    Judgment affirmed.


Bailey, J. and Crone, J., concur.