## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 25 2021, 8:33 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Catherine Brizzi
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alden A. Tarr, Jr., *Appellant-Defendant,* | January 25, 2021 |
| | Court of Appeals Case No. 20A-CR-1514 |
| v. | Appeal from the Henry Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable David L. McCord, Judge |
| | Trial Court Cause No. 33C03-1904-F6-144 |

**Robb, Judge.**

# Case Summary and Issue

[1] Alden Tarr pleaded guilty to operating a vehicle while intoxicated ("OWI"), a Level 6 felony, and admitted to being an habitual vehicular substance offender. Tarr was sentenced to six years, with three years to be executed in the Indiana Department of Correction ("DOC") followed by three years of probation. Tarr now appeals his sentence, raising one issue for our review: whether his executed sentence is inappropriate in light of the nature of his offense and his character. Concluding his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] On April 10, 2019, Deputy Ben Wright of the Henry County Sheriff's Department was dispatched to a Steak n' Shake in response to reports of an impaired motorcycle driver. Upon arrival, Deputy Wright found Tarr lying in a mulch bed using his phone. The motorcycle driven by Tarr had damage to the left side where Tarr had dropped the vehicle on the asphalt. Tarr told Deputy Wright that he had been drinking and "[Tarr's] eyes were dark red and he appeared to struggle to speak without slurring his words." Appellant's Appendix, Volume 2 at 19. Deputy Wright asked Tarr if he would perform a field sobriety test or a portable breathalyzer test. Tarr refused to submit to either. Deputy Wright arrested Tarr and obtained a warrant for a blood draw.

[3] On April 12, 2019, the State charged Tarr with OWI, a Class A misdemeanor; public intoxication, a Class B misdemeanor; OWI with a prior conviction, a

Level 6 felony; and included an habitual vehicular substance offender enhancement. On June 2, 2020, the State and Tarr entered into an agreement for Tarr to plead guilty to OWI enhanced to a Level 6 felony and admit to being an habitual vehicular substance offender. *See id.* at 113. In exchange for Tarr's guilty plea, the State agreed to dismiss the public intoxication charge. *Id.* The State recommended Tarr be sentenced to the DOC for one year for OWI and two years for the habitual vehicular substance offender enhancement but the plea agreement also provided that Tarr was "free to advocate a lesser sentence" and the trial court was "free to assess any sentence within the range of possibilities greater than the recommended sentence[;] . . . free to impose a sentence lesser than the State's recommended sentence; and may use any sentence options" including in-home detention or work release. *Id.* However, the parties agreed any sentence greater than the recommended sentence would be suspended. *Id.*

[4] Tarr's sentencing hearing was held on July 20, 2020. Finding Tarr's criminal history, including multiple misdemeanor and felony convictions, and failed rehabilitation efforts to be aggravating factors and his "semi open plea agreement" to be a slight mitigating factor, the trial court sentenced him to six years, with three years to be served in the DOC followed by three years of

probation.[1] *See* Transcript of Evidence, Volume II at 17-18. Tarr now appeals. Additional facts will be provided as necessary.

# Discussion and Decision

## I. Standard of Review

[5] Indiana Appellate Rule 7(B) permits us to revise a sentence "if, after due consideration of the trial court's decision, [we] find[] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Sentencing is "principally a discretionary function" of the trial court to which we afford great deference. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense . . . and the defendant's character[.]" *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[6] The defendant carries the burden of persuading us that the sentence imposed by the trial court is inappropriate, *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006), and we may look to any factors appearing in the record in making such a determination, *Reis v. State*, 88 N.E.3d 1099, 1102 (Ind. Ct. App. 2017). The question under Rule 7(B) is "not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v.*

---

[1] The trial court sentenced Tarr to two years, with one year suspended, for his Level 6 felony OWI conviction, enhanced by four years, with two years suspended, for his status as an habitual vehicular substance abuse offender. Transcript of Evidence, Volume II at 17.

*State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). "The principal role of appellate review should be to attempt to leaven the outliers ... not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225.

## II. Inappropriate Sentence

[7] Tarr does not challenge the length of his sentence but "rather his placement in prison over home detention, as inappropriate." Appellant's Brief at 8. The location where a sentence is to be served is an appropriate focus for application of our review and revise authority. *Biddinger v. State,* 868 N.E.2d 407, 414 (Ind. 2007). "A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). However, it is difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate because "trial courts know the feasibility of alternative placements in particular counties or communities." *Id.* at 343. Tarr contends that he is a longtime alcoholic and "[p]utting him in prison when home detention and treatment are available is inappropriate." Appellant's Br. at 11. We disagree.

[8] We consider both prongs of Rule 7(B), the nature of the offense and the character of the defendant, in our assessment of the inappropriateness of a sentence. *Connor v. State*, 58 N.E.3d 215, 219 (Ind. Ct. App. 2016). Generally, the nature of the offense is found in the details and circumstances surrounding the offense and the defendant's participation therein. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). However, Tarr presents no facts or argument regarding

the nature of his offense.[2] Without more, Tarr has not met his burden to persuade us that the nature of his offense warrants a change in placement.[3]

[9] The "character of the offender" portion of the Rule 7(B) standard refers to the general sentencing considerations and relevant aggravating and mitigating factors, *Williams v. State*, 782 N.E.2d 1039, 1051 (Ind. Ct. App. 2003), *trans. denied,* and permits a broader consideration of the defendant's character, *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*.

[10] A defendant's life and conduct are illustrative of his character. *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. One relevant factor in assessing character is a defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of criminal history "varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Id.* Here, Tarr has an extensive criminal history stretching back to 1989 comprised, in part, of multiple OWIs, a misdemeanor battery, and convictions for unlawful sale of a precursor and dumping controlled substance

---

[2] Tarr does concede that "the nature of [his] offense is serious because it is his sixth [OWI] conviction[.]" Appellant's Br. at 11

[3] We note that, because Tarr pleaded guilty, the transcript of the guilty plea/sentencing hearing contains only the most basic recitation of the factual basis underlying the plea. Thus, the State relies on the probable cause affidavit to provide us some insight regarding the nature of Tarr's offense. *See* Brief of Appellee at 4-5 (citing Appellant's App., Vol. 2 at 19-20). However, it is not the State's burden to show that the imposed sentence is appropriate in light of the nature of the offense. Rather, it is Tarr's burden to demonstrate that the imposed sentence is inappropriate in light of the nature of his offense. By providing us no details or circumstances of his offense, he has failed to meet his burden.

waste-chemicals as part of a plea agreement dismissing dealing in methamphetamine charges.[4] *See* Appellant's App., Vol. 2 at 123-25. Also, Tarr was arrested during the proceedings for this charge for failing to appear. *See id.* at 126.

[11] This court has found that placement in the DOC is not inappropriate when prior, less restrictive efforts at rehabilitation have been unsuccessful. *See Fonner*, 876 N.E.2d at 344. Tarr's criminal history began in 1989 and is comprised of three felony convictions and ten misdemeanor convictions, including five OWI convictions. *See* Appellants App., Vol. 2 at 123-26. Tarr has been given multiple chances to serve sentences outside the DOC and has been unsuccessful. He has been on probation several times and has had probation terminated as unsuccessful twice. *See* Tr., Vol. II at 17; Appellant's App., Vol. 2 at 126. And in 2016, Tarr was released from Henry County Jail to the House of Hope for substance abuse treatment but left House of Hope after testing positive for suboxone. The record reveals that despite Tarr repeatedly receiving less restrictive placements, or having jail time suspended to probation, he has continued to commit crimes. Thus, we cannot say that commitment to DOC is inappropriate.

---

[4] The trial court did not consider Tarr's pending OWI charge in another county as part of his criminal history. *See* Tr., Vol. II at 17. Further, even if we do not include Tarr's two 2016 OWI offenses in our assessment of his criminal history as they were the basis for enhancing Tarr's OWI from a Class A misdemeanor to a Level 6 felony and the habitual vehicular substance offender enhancement, Appellant's App., Vol. 2 at 37, 49, his criminal history still outweighs any mitigators.

[12]     In an attempt to portray his character in a positive light, Tarr emphasizes that he is one year sober and is currently employed and owns a home; however, we are unpersuaded that this overcomes his significant criminal history and the serious nature of his current offense. Accordingly, Tarr has failed to meet his burden of showing an executed sentence in the DOC is inappropriate.

## Conclusion

[13]     We conclude that Tarr's sentence is not inappropriate in light of the nature of his offense and his character. Accordingly, we affirm.

[14]     Affirmed.


Bailey, J., and Tavitas, J., concur.